### RIEGER *v.* FAHYS WATCH-CASE CO.

*(City Court of Brooklyn, General Term. March 23, 1891.)*

COSTS—ACTION FOR PERSONAL INJURIES.

> An action by an employe for injuries sustained by reason of a defective appliance is not an action for an "assault and battery," within the meaning of Code Civil Proc. N. Y. § 3228, subd. 3, providing that if the plaintiff in an action for assault and battery recovers less than $50 he shall have costs not to exceed the amount of his recovery.

Appeal from trial term.

Action by John Rieger against the Fahys Watch-Case Company. Plaintiff appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Wilber & Oldham*, for appellant. *Wetmore & Jenner*, for respondent.

VAN WYCK, J. The plaintiff in his complaint alleges that, while in the employ of defendant, he was engaged in working upon a die and punch machine, where he lost a finger, without any negligence on his part, but through the negligence of defendant in permitting the machine to become defective. He recovered a verdict for six cents. Defendant was allowed to tax costs in his own favor, though plaintiff claimed that he should have been allowed costs to the extent of his verdict. Whether the plaintiff or defendant is entitled to costs is the only question before us, and this turns upon whether or not this is an action for an "assault and battery" within the meaning of Code Civil Proc. § 3228, subd. 3. This section expressly provides that if the plaintiff in an action for assault and battery recovers less than fifty dollars he shall have costs not to exceed the amount of his recovery.

Under our Code practice, the difference between actions in matter of form only has vanished, but their intrinsic differences still exist. This often ren-

ders it still necessary, in the construction of a statutory provision, to read it in the light of the intrinsic differences between the several kinds of common-law actions. *Goulet* v. *Asseler*, 22 N. Y. 225, 228. For injuries to the person, there were two forms of action at common law,—trespass and trespass on the case. Chase's Bl. 734. The true test of whether the grievance belongs to one or the other of these is, was the injury the immediate or mediate result of the act of the defendant? "It is a settled distinction that where an act is done which is itself an immediate injury to another's person or property, then the remedy is usually by an action of trespass *vi et armis*; but when there is no act done, but only a culpable omission, or when the act is not immediately injurious, but only by a consequence and collaterally, there no action of trespass will lie, but an action on a special case for the damages consequent on such omission or act. 2 Cooley, Bl. Comm. 120. It is reasonable to suppose that the law-makers had in mind an action *vi et armis* against the person when they used the words, "an action to recover damages for assault and battery," and meant to exclude an action for injury to the person by negligence, which at common law was an action on the case. The Code of Civil Procedure makes this distinction between an action for assault and battery and one for negligence. Section 2863, subd. 3, denies jurisdiction to justices of the peace of an action "to recover damages for an assault and battery." Section 2862, subd. 2, confers upon such justices jurisdiction of an action "to recover damages for a personal injury." *Blin* v. *Campbell*, 14 Johns. 432; *Vandenburgh* v. *Truax*, 4 Denio, 464; Ben. Just. (1878 Ed.) p. 114; Ben. Just. (1889 Ed.) pp. 129, 130; *Argersinger* v. *Lever*, 17 Civil Proc. R. 353, 355; *Coulter* v. *Express Co.*, 56 N. Y. 585. The fair construction of these provisions gives justices jurisdiction of an action for negligence, and denies them that of an action for assault and battery. This being so, the intention is equally clear in section 3228, subd. 3, to give the defendant costs in actions of which justices have jurisdiction if plaintiff recovers less than fifty dollars. To hold this to be an action of assault and battery for the purpose of costs and not such for that of jurisdiction where the exact language is used in both sections, and one of them expressly refers to the other, would be a refinement that could subserve no useful end. We have not overlooked the decision in *Garrabrant* v. *Sullivan*, 13 Civil Proc. R. 196, which is in conflict with our views, but, as there is no opinion in that case, we do not feel called upon to yield our convictions to it. Judgment and order must be affirmed with costs.