DEGENHARDT, Respondent, vs. HELLER, Appellant.

*September 1 — September 22, 1896.*

*Assault: Intention to do bodily harm.*

Plaintiff cannot recover, in a civil action for an assault with a revolver, upon a verdict finding that the revolver was not aimed or presented at the plaintiff when discharged, nor immediately thereafter, and that defendant discharged it with the intention of frightening plaintiff, but without intending to do him any bodily harm.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

For the appellant there were briefs by *Timlin & Glicksman*, and oral argument by *W. H. Timlin*.

For the respondent there was a brief by *Thwaits & Runge* and *Rietbrock & Halsey*, and oral argument by *L. W. Halsey*.

CASSODAY, C. J. The complaint alleges, in effect, that September 3, 1893, at Milwaukee, the defendant, with force and arms, unlawfully and maliciously assaulted the plaintiff with

a revolver, and did then and there, by such unlawful and malicious assault, inflict great and permanent injuries on the plaintiff, in body and mind, whereby he suffered great physical pain, and became hopelessly sick and physically enfeebled; and demands judgment therefor in the sum named. The answer is a general denial.

At the close of the trial the jury returned a special verdict to the effect (1) that the defendant on or about September 3, 1893, discharged a revolver in proximity to the plaintiff, (2) at a distance of about sixty feet from him; (3) that the defendant did not aim or present the pistol at the plaintiff at the time the same was discharged; (4) that the defendant did not aim or present the pistol at the plaintiff immediately after the same was discharged; (5) that the defendant, by the discharge of the pistol, did not intend to do any bodily harm to the plaintiff; (6) that the defendant, by threats and the discharge of the pistol, did intend to frighten the plaintiff; (7) that the plaintiff did sustain mental or physical injury, which was approximately caused by the acts of the defendant; (8) that, if the plaintiff is entitled to recover, his damages are assessed at $1,000. From the judgment entered thereon in favor of the plaintiff, the defendant brings this appeal.

The question presented is not whether the plaintiff could maintain an action against the defendant upon the facts found in the special verdict, but whether the verdict sustains the cause of action alleged in the complaint, which was the only cause of action which the defendant was required to defend. The only cause of action so alleged is for an unlawful and malicious assault upon the plaintiff with a revolver. The verdict simply finds that the revolver was not aimed or presented at the plaintiff when discharged, nor immediately thereafter, and that the defendant discharged the same with the intention of frightening the plaintiff, but without intending to do him any bodily harm. In *Hays v.*

Degenhardt vs. Heller.

*People*, 1 Hill, 352, Mr. Justice COWEN, speaking for the court, said: "An assault is defined to be *an attempt with force or violence to do* a corporal injury to another, and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time *an intention, coupled with the present ability*, of using actual violence against the person." "An assault is an intentional attempt, by violence, to do an injury to another." Wharton, Am. Cr. Law (4th ed.), § 1241.   If there is no such intention,— no present purpose to do such injury,— then there is no assault.   *Ibid.*   Another author says: "An assault is defined to be an inchoate violence to the person of another, with the present means of carrying the intent into effect. Mere threats alone do not constitute the offense.   There must be proof of violence actually offered."   2 Greenl. Ev. § 82.   "The intention to do harm is of the essence of an assault, and this intent is to be collected by the jury from the circumstances of the case."   Id. § 83.   "In the case of a mere assault, the *quo animo* is material, as without an unlawful intention there is no assault."   Id. § 94.   To the same effect is *Vosburg v. Putney*, 80 Wis. 527.   Such being the law, it is very manifest that the verdict acquits the defendant of committing the assault alleged.   There was no motion for a new trial.   Each party moved for judgment in his favor upon the verdict.   The court erroneously denied the defendant's motion and granted the plaintiff's motion.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with direction to enter judgment upon the verdict in favor of the defendant and against the plaintiff.