GOTTLIEB OTT v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 9, 1897.

Nos. 10,832—(56).

**Statute of Limitations — Amendment — Brown v. Village, 67 Minn. 146, Followed.**

The construction in Brown v. Village, 67 Minn. 146, placed upon Laws 1895, c. 30, amendatory in terms of G. S. 1878, c. 66, § 8, G. S. 1894, § 5138, subd. 1, relating to the statute of limitations, adhered to.

**Same—Action for Battery—The Wrong Contemplated by Statute.**

The action for a battery which, under the provisions of section 8, supra, must be brought within two years, is an action founded upon an intentionally administered injury to the person,—such an injury as could be made the basis of a criminal prosecution. "Personal injury" actions, the result of negligence, are not within this statute; nor are they within the rule of ejusdem generis, as applied to an action for a battery.

Appeal by defendant from a judgment of the district court for Polk county for $1,553.72 entered in favor of plaintiff, after a trial before Ives, J., and a jury. Affirmed.

[1] Reported in 72 N. W. 833.

*M. D. Grover,* for appellant.

The Minnesota statute of limitations controls though the injury occurred in North Dakota, since the statute is a plea that bars the remedy. McElmoyle v. Cohen, 13 Pet. 312; Miller v. Brenhan, 68 N. Y. 83; Nonce v. Richmond, 33 Fed. 429.

Under the statute of limitations the actions of tort to be brought within six years are as follows:—Trespass upon real property; taking, detaining and injuring personal property, including actions for the specific recovery thereof; for criminal conversation, "or for any other injury to the person or rights of another not arising on obligation and not hereinafter enumerated." G. S. 1894, § 5136. Actions for tort "hereinafter enumerated" in the statute are libel, slander, assault, battery, false imprisonment or other tort resulting in personal injury, which actions must be brought within two years. G. S. 1894, § 5138. Applying the rule of ejusdem generis as suggested in Brown v. Village, 67 Minn. 146, and defined by this court, section 5138 is made to read as follows: "An action for libel, slander, assault, battery, false imprisonment, or other like tort resulting in personal injury as do the actions named." Bryant v. American, 69 Minn. 30.

The rule of ejusdem generis or the words "other like tort" do not rest upon or require similarity of intent or malicious intent, that is, express malice. In libel and slander malicious intent or express malice is not material, except in cases of confidential or privileged communication. Moak's Underhill, Torts, 130. Everyone is presumed to intend the consequences of his act, whether of omission or commission. In cases of mere assault the quo animo is material, but not in cases of battery. Thus one is liable for battery in cases when unintentionally on his part his act effects injury to another. James v. Campbell, 5 C. & P. 372; Underwood v. Hewson, Bull. N. P. 16; Dickenson v. Watson, T. Jones, 205; Blin v. Campbell, 14 Johns. 432; Wakeman v. Robinson, 1 Bing. 213; Welch v. Durand, 36 Conn. 182; Morris v. Platt, 32 Conn. 75; Barnes v. Hurd, 11 Mass. 57; 2 Greenleaf, Ev. § 95.

A tort is like libel, slander and assault and battery in all cases where it results in personal wrong. It is the fact that there is per-

sonal wrong in which the similarity is found, and not in the cause
of such wrong.

H. *Steenerson,* for respondent.

There is nothing in the summons or complaint or in the plaintiff's
evidence showing when this action was commenced. An action is
deemed commenced when the summons is served upon the defend-
ant, and not when the complaint is verified. G. S. 1894, § 5143. It
does not appear from the complaint that the statute had run, and it
was therefore necessary for defendant to plead it. Davenport v.
Short, 17 Minn. 8 (24). Like every other person who sets up the
statute of limitations it lay on the defendant to show the facts which
put it in motion. Davenport v. Wynne, 6 Ired. Law (N. C.) 128. In
a declaration for trespass on the case, the injury ought not in general
to be stated to have been committed vi et armis nor contra pacem.
Gates v. Miles, 3 Conn. 64; 1 Chitty, Pl. 163. Case is the proper
form of action for injuries which result from negligence. 1 Bouvier,
Law Dict. 243, and authorities cited. Where the act is not im-
mediately injurious but only by consequence and collaterally, no
action of trespass vi et armis will lie, but an action on the special
case for damages consequent on such omission or act. 3 Black.
Com. 123. In every action based upon negligence, the complaint
should contain: (1) an allegation of duty owing by the defendant to
the plaintiff or facts and circumstances from which a duty may be
inferred; (2) a failure in the performance or an imperfect perform-
ance of such duty by the defendants and, (3) that such failure or
breach was the natural and proximate cause of the injury and
damage to the plaintiff. Black, Proof & Pl. Acc. Cas. 201; Brown
v. Village, 67 Minn. 146.

Laws 1895, c. 30 is not a valid enactment. The title of the act is
an act to amend paragraph or section eight (8) of title two (2) chapter
sixty-six of the general statutes of 1878, etc., and section 1 reads:

"That subdivision or section eight of title two of chapter sixty-six
* * * be amended by changing the first subdivision thereof so
as to read as follows: 'First, an act for libel, slander, assault, bat-
tery, false imprisonment or other tort resulting in personal injury.'"

COLLINS, J.[2]

We had occasion in Brown v. Village, 67 Minn. 146, 69 N. W. 710, to construe Laws 1895, c. 30, relating to the statute of limitations, and in terms amendatory of G. S. 1878, c. 66, § 8 (G. S. 1894, § 5138, subd. 1). We there held that the legislation of 1895 did not operate as a repeal or as an amendment of subdivision 5 of section 6 of said chapter 66 (G. S. 1894, § 5136). At that time we fully understood the difficulty and doubt surrounding the question, and that no construction could be placed upon the 1895 amendment which would be altogether free from criticism. For these reasons we have permitted counsel for appellant in the case at bar to reargue the question at length, and with great zeal and ability has he insisted that the conclusion heretofore reached was erroneous, and that the Brown case should be overruled. We have also listened to an oral argument made by distinguished counsel employed in another case argued and submitted at the same time (Ackerman v. Chicago, supra, page 35), involving the identical question. Certainly the matter has been exhaustively presented, and we are quite confident that every phase has been discussed. But a majority of the court adhere to the construction given to the 1895 statute in the Brown case. We do not contend that there can be no room for an honest difference of opinion, but we do claim that the cardinal rules are more closely followed in the manner in which we have heretofore construed the statute than they would be should we adopt the views of counsel for appellant.

We need not repeat or amplify the views expressed in the Brown case, nor need we go over the ground covered in the arguments. But it has specially been urged that the case at bar, brought to recover for personal injuries alleged to have been caused by the wanton, reckless and violent moving by defendant's servants of other cars down and upon a stock car, in which plaintiff was lawfully riding, is in all respects within the rule ejusdem generis as applied to an action for a battery, actions of that nature being expressly mentioned in section 8, subd. 1. Being an action, says counsel, for a personal injury, inflicted unintentionally but neg-

[2] BUCK, J., did not sit.

ligently, it is of the same genus or class as an action for a battery and therefore brought directly within the amendment. In fact counsel goes further, for his claim amounts to the assertion that every action for a personal injury, when unintentional but the result of carelessness or negligence, is an action for a battery; the wrong or injury inflicted being a "battery" at common law within the definition given by Bouvier.

It may be true that every personal injury committed through negligence, but unintentionally, is a "battery," within the very broad common-law definition; but it does not follow that the word, as used in section 8, is to be construed so as to include "personal injury" actions, or that it is to be defined according to the common law. Such a construction has never been suggested to our knowledge prior to this time. But the action for a battery, mentioned and brought within the two-years limitation, has admittedly been the action founded upon an intentionally administered injury to the person,—such an injury as could be made the basis of a criminal prosecution, and not that which resulted from the want of due care.

Personal injury cases are not of the same genus or class as the action for a battery, as that action is provided for in section 8, and never have been. In no respect are they within the rule of ejusdem generis as applied to an action for a battery. As well now as before the amendment, all parts of the statute must be construed together and every part given effect if possible. If we could, as counsel contends, distinguish between "injury to the person," in section 5136, subd. 5, and "personal injury," in section 5138 as amended, and hold that the latter means "bodily injury" but the former does not, there would be much force in appellant's position. But we cannot so distinguish. Therefore, if we did not apply the rule of ejusdem generis, we would have one clause of the statute limiting the time of commencing such an action as this to six years and another clause limiting it to two years, which would result in a radical repugnancy. But, by applying the rule ejusdem generis, we avoid that repugnancy and give effect to and reconcile all parts of the statute. On the oral argument some criticism was made of the statement in the last paragraph of the opinion in the Brown case to the effect that a large class of civil wrongs might be named, which would come under the

operation of the amendment to section 8. It is not advisable to anticipate cases which may arise, but one of this class (an action for malicious prosecution) has already been designated. Bryant v. American, 69 Minn. 30, 71 N. W. 826.

Judgment affirmed.

MITCHELL, J. (dissenting).

When the case of Brown v. Village, 67 Minn. 146, was decided, I had some doubt as to the correctness of the result arrived at, and subsequent consideration has satisfied me that we were led into error by adopting an artificial course of reasoning, and misapplying certain canons of construction. It now seems to me that there is no question of repeal by implication in the case, and that the maxim of ejusdem generis is wholly inapplicable. Moreover, canons of construction are never the masters of the courts, but merely their servants, to aid them in ascertaining the legislative intent.

With reference to the time of commencing actions in tort the statute, prior to 1895, fixed two periods of limitation. The first was six years for "an action for criminal conversation or for any other injury to the person or rights of another not arising on obligation and not hereinafter enumerated." [3] This, by its terms, applied to all actions purely in tort (except for trespass on real or personal property previously provided for), except those "subsequently enumerated" in some other part of the statute. The second period of limitation was two years for those actions "therein enumerated," in section 5138. If it was desired to transfer any class of actions from the operation of section 5136, subd. 5, to that of section 5138, the natural and appropriate way would be simply to add it to the enumeration contained in the latter section, and leave the former to stand just as it was. This was just what the legislature did in 1895 by adding to the actions enumerated in section 5138 those for "other tort resulting in personal injury."

There was neither necessity for nor propriety in changing the language of section 5136. The expression "actions for personal injuries," which is but the equivalent of actions for tort "resulting in personal injury" (the word "personal" being evidently used in the

[3] G. S. 1894, § 5136, subd. 5.

sense of "bodily"), was a familiar one, which had received a well-understood meaning, not only in popular speech, but also in text-books and the decisions of courts. It would be mere affectation to pretend ignorance of the fact that the expression was generally used and understood as referring to that large class of actions to which the present one belongs. It was also the fact (of which we may, I think, take notice) that there was a very strong sentiment among all honest and intelligent men who had considered the subject that a shorter statute of limitations ought to be prescribed for these "personal injury actions"; that it was unjust that a plaintiff who was under no legal disability should be allowed to delay bringing his action for six years, during which time witnesses might have died or disappeared, and the defendant might not even have known of the occurrence out of which the action arose.

Under this condition of things the legislature enacted the amendment of 1895. Assuming, as we ought, that they used language in its popular and common acceptation, and that they intended, by this amendment, to effect some needed change in the existing statute, I am compelled to the conclusion that the legislative intent was to transfer the class of actions to which the present one belongs, and commonly called "actions for personal injuries," from the operation of the six-year limitation of section 5136 to that of the two-year limitation of section 5138. If this was not their intention, it is very difficult to tell what they did mean, or to what class of actions the amendment does apply. I do not think that any one, after reading the statute, would have any doubt as to what change in the law the legislature intended to make; and we have no right as judges to pretend ignorance of a fact about which we have no doubt as men. I am therefore of opinion that Brown v. Village was wrongly decided, and ought to be overruled.