TIMES–DEMOCRAT PUB. CO. v. MOZEE et al.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1905.)

No. 1,377.

1. HUSBAND AND WIFE—RIGHT OF WIFE TO SUE FOR LIBEL—"PERSONAL INJURIES" UNDER LOUISIANA STATUTE.

Injuries to character and mental suffering resulting from a libelous publication are "personal injuries," within the meaning of Act La. No. 68, p. 95, of 1902, amendatory of Rev. Civ. Code La. 1870, art. 2402, which provides, inter alia, that "damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone," and under such provision a wife may maintain an action to recover damages for a libel affecting herself.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 771.]

2. ERROR—PENALTY FOR SUING OUT WRIT FOR DELAY—ENFORCEMENT OF RULE.

A writ of error will not be held to have been sued out for delay, so as to authorize the imposition of the penalty of 10 per cent. on affirmance of a judgment provided for by rule 30 of the Circuit Court of Appeals (90 Fed. clxviii, 31 C. C. A. clxviii), where the question presented is one of statutory construction, which has not been passed on by the state court and is fairly in doubt under the authorities.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Lawrence O'Donnell and Branch K. Miller, for plaintiff in error.

Wilhelm Mynderse, E. H. Farrar, E. B. Kruttschnitt, and B. F. Jonas, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is an action to recover damages for libel, brought by a married woman, in her own right; her husband join-

ing in the petition. No exceptions were filed to the sufficiency of the petition, and no objections made on the trial as to the admission of evidence or as to the charge of the trial judge to the jury. The verdict of the jury was as follows:

"We, the jury, find in favor of plaintiff in suit, Mrs. Annie Oakley Mozee, wife of Frank E. Butler, in the sum of $7,500."

On the motion for a new trial, remittitur of $2,500 was entered, and thereupon judgment was entered in favor of Annie Oakley Mozee, wife of Frank E. Butler, against the defendant, the Times-Democrat Publishing Company, for the sum of $5,000.

The only question raised on this writ of error open for consideration is whether the plaintiff below had a right to sue and recover in her own name the damages complained of, the plaintiff in error contending that "the shame, disgrace, and mental suffering brought upon her by the publication complained of are not personal injuries in the sense of the act of the General Assembly of Louisiana (No. 68, p. 95, of the Session of 1902), nor were they the result of or caused by any bodily physical or personal injuries suffered or sustained by her"; and the contention is that "the damages caused by the injuries described in the petition fall into and form part of the community of acquets and gains existing between the said Annie Oakley Mozee Butler and her husband, Frank E. Butler, and that she is without any right or authority in law to claim such damages or to prosecute any suit therefor." Other questions suggested by the assignment of errors or argued by counsel are not open for review, because no predicate was laid in the court below.

It is unquestioned that prior to the act of 1902, above referred to, damages for injuries to the wife fell into and formed part of the community of acquets and gains presumed to exist between husband and wife, and that the husband, as head and master of the community, could alone sue for and recover the same. See Meyerson v. Alter (C. C.) 11 Fed. 688, and McClure v. Martin, 104 La. 496, 29 South. 227, and cases there cited. Act No. 68, p. 95 of 1902, is as follows:

"Be it enacted by the General Assembly of the state of Louisiana, that article 2402 of the Revised Civil Code of 1870 be amended and re-enacted so as to read as follows: 'Art. 2402. This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone; provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws.'"

The question in this case, narrowed down, then, is whether the injuries to character and mental suffering resulting from a libelous publication are personal injuries in the true sense and meaning of

the act above quoted. We are advised of no decision of the Supreme Court of Louisiana on the point, and we are therefore remitted to our own construction of the statute.

1. We can find no reason, and counsel suggests none, for the discrimination contended for. The mischief to be remedied by the act covers cases of injuries to the character and reputation, as well as bodily or physical injuries.

2. At common law, libel and slander were classified as injuries to the person, or personal injuries. 3 Blackstone, 119; Cooley on Torts (2d Ed.) 23, 24; Bouvier, Law Dictionary, verbo "Injury."

3. In the construction of the statutes of the United States and of the several states, where the terms "injury to the person" and "personal injuries" have been construed, the great majority of the decisions of the higher courts, and nearly all of the intelligent reasons given, have been to the effect that libel is a personal injury. See McDonald v. Brown, 23 R. I. 546, 51 Atl. 213, 58 L. R. A. 768, 91 Am. St. Rep. 659, and Johnson v. Bradstreet Co., 87 Ga. 79, 80, 13 S. E. 250, and cases cited in both; also Sanderson v. Hunt (Ky.) 76 S. W. 179. Many other citations on the same line could be given. The adjudicated cases cited by counsel for plaintiff in error as holding that libel is not a personal injury within the meaning of statutes similar to Act 68 of 1902—to wit, Fay v. Parker, 53 N. H. 342, 359, 16 Am. Rep. 270; Ott v. Great Northern R. Co., 70 Minn. 50, 54, 72 N. W. 833; Calloway v. Laydon, 47 Iowa, 458, 29 Am. Rep. 489; Smith v. Sherman, 4 Cush. (Mass.) 408; State v. Clayborne (Wash.) 45 Pac. 303—are not directly in point, nor abounding in reason useful to us.

4. Judge Lumpkin, in Johnson v. Bradstreet Co., supra, said, and we agree:

" 'Person' is a broad term, and legally includes, not only the physical body and members, but also every bodily sense and personal attribute, among which is the reputation a man has acquired. Reputation is a sort of right to enjoy the good opinion of others, and is capable of growth and real existence, as an arm or a leg. If it is not to be classed as a personal right, where does it belong? No provision has been made for any middle class of injuries between those to person and those to property, and the great body of wrongs arrange themselves under the one head or the other. Whether viewed from the artificial arrangement of law writers, or the standpoint of common sense, an injury to reputation is an injury to person; and oftentimes an injury of this sort causes far more pain and unhappiness, to say nothing of actual loss in money or property, than any physical injury could possibly occasion."

Counsel for defendant in error contends that this writ is based on frivolous grounds and was sued out for delay, and urges that, under paragraph 2 of rule 30 of this court (90 Fed. clxviii, 31 C. C. A. clxviii), 10 per cent. damages, in addition to interest, should be awarded on the amount of the judgment; but as Act 68 of 1902 has never been construed by the Supreme Court of Louisiana, and there is some conflict of authorities on the question, we are not disposed to hold that the writ was sued out for delay. Further than this, we say that as malice is the gist of the action of libel, and as the record shows that a full retraction of the publication complained of, so far as the defendant was concerned, was made the next day

after publication, and as no suggestion is made in the record or in the argument of any other malice than that inferred by law from the publication itself, we are more-inclined, if it were within our jurisdiction, to cut down the damages than to enhance them.

The judgment of the Circuit Court is affirmed.