Donner, by guardian *ad litem,* Respondent, vs. Graap, Appellant.

*January 29—February 18, 1908.*

*Limitation of actions: Personal injuries: Notice of injury: "Assault:" "Battery."*

1. An action based on a careless, reckless, and negligent battery on plaintiff is governed by the limitations prescribed by subd. 5, sec. 4222, Stats. (1898), and the provisions of subd. 2, sec. 4224, do not apply; and hence where no notice of the injury is given, no action therefor commenced, nor complaint actually served within one year after the happening of the event causing damage, as required by subd. 5, sec. 4222, the cause of action is barred.

2. Where there is no intentional attempt, by violence, to do injury to another—no present purpose to do such injury—there is no assault.

3. The term "battery" in a limitation statute means an event from which a criminal action for assault and battery will lie, not one involving mere negligence.

[4. TIMLIN, J., concurring, is of the opinion that cases of personal injury are to be classified under subd. 5, sec. 4222, or under subd. 2, sec. 4224, Stats. (1898), upon consideration of whether the injury was intentional or inadvertent.]

APPEAL from an order of the superior court of Lincoln county: ALMON A. HELMS, Judge. *Reversed*.

The appeal is from an order setting aside a directed verdict and the judgment entered thereon in favor of the defendant and granting the plaintiff a new trial. The complaint of the plaintiff, by her guardian, sets forth, among other things, that she is an infant, and that on the 19th day of June, 1904, the defendant did carelessly and negligently strike her a severe blow in the face with a large, heavy beer glass, and thereby caused her injury. The defendant demurred to the complaint on the ground, among others, that the action was not commenced within the time limited by law, and pleaded secs. 4219 and 4222, Stats. (1898), and the amendments thereof. The demurrer was overruled, and the statute of limitations was set up in the answer and the fact that no notice of the injuries had been given until more than one year had elapsed. The testimony tended to show that the infant plaintiff was injured in the manner alleged in the complaint. At the close of the plaintiff's testimony the defendant moved for nonsuit, and upon the close of the testimony moved for a verdict, stating the same grounds. The court granted the last motion upon the ground that there had been no notice given within a year, as required by law, and that the action had not been commenced and the complaint actually served within one year from the happening of the injury, and ordered the action dismissed, and judgment was

entered accordingly. Thereafter, upon motion made by the plaintiff, said order dismissing the action and the judgment rendered in favor of the defendant were vacated and a new trial granted. The defendant appeals from this order.

*F. J. Smith,* for the appellant.

*John Van Hecke,* for the respondent.

BASHFORD, J. The trial court in granting the order appealed from states as the reason therefor:

"That the complaint is based upon a careless and negligent battery on plaintiff, and that the limitations prescribed by sec. 4222, Stats. (1898), and the provisions of subd. 5 of said section, do not apply; that the statute of limitations fixed by sec. 4224, Stats. (1898), does apply."

An application of these statutes to the cause of action stated presents the question to be determined on this appeal. Subd. 5 of sec. 4222 prescribes a six-year limitation upon actions to recover damages for an injury to the person, character, or rights of another not arising on contract, "except in case where a different period is expressly prescribed." It provides that no action to recover damages for an injury to the person shall be maintained unless within one year after the happening of the event causing such damages notice in writing shall be served upon the person or corporation by whom it is claimed such damage was caused, "stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received, and the grounds upon which claim is made, and that satisfaction thereof is claimed of such person or corporation." The amendment of 1899 (Laws of 1899, ch. 307) provides that when an action shall be brought and a complaint actually served therein within one year after the happening of the event causing such damages, the notice "herein provided for need not be served." It is conceded in this case that no notice in writing was served as required by this section and that

the action was not commenced and the complaint actually served within one year after the happening of the event. The action was not, therefore, brought within the provisions of this section, and it cannot be maintained unless a different period is expressly prescribed elsewhere in the statutes.

It is urged on behalf of the respondent, and as the trial court held, that this is an action for a negligent battery and the limitation prescribed by sec. 4224 applies. Subd. 2 of that section prescribes a two-year limitation upon actions to recover damages for libel, slander, assault, battery, or false imprisonment. Is that provision to be restricted to acts which are unlawful and intentionally wilful, or may it include acts committed unintentionally and through want of ordinary care? In *Drinkwater v. Andrew,* 126 Wis. 241, 105 N. W. 575, it was held that the provision of subd. 5, sec. 4222, was not applicable to an injury inflicted by an assault and battery; that the action was governed by the provisions of sec. 4224, and consequently that no notice of the injury was required. That was an action to recover damages for an assault and battery inflicted wilfully and intentionally, as appears by the printed case. The question here presented as to an unintentional battery was not there considered or decided.

Respondent contends that an action for assault and battery may be maintained where the injury results from the recklessness or negligence of the defendant or without any criminal intent, citing 2 Am. & Eng. Ency. of Law (2d ed.) 989, and *Vosburg v. Putney,* 80 Wis. 523, 527, 50 N. W. 403. *Vosburg v. Putney* was an action to recover for an assault, and the court held that the act was unlawful and that the intention to commit was necessarily unlawful. The court was there considering an unlawful assault. In the opinion it is said that "plaintiff must show that the intention was unlawful or that the defendant is in fault." *Degenhardt v. Heller,* 93 Wis. 662, 68 N. W. 411, was an action to re-

cover for an assault with a revolver, but the proof showed that the weapon was not aimed at the plaintiff and that it was discharged with the intention of giving him a fright but without intending to do him bodily harm. In the opinion a number of definitions of assault are given, all embodying the element of criminal intent—among others the following (93 Wis. 664, 68 N. W. 412):

"An assault is an intentional attempt, by violence, to do an injury to another." "If there is no such intention—no present purpose to do such injury—then there is no assault." "The intention to do harm is of the essence of an assault, and this intent is to be collected by the jury from the circumstances of the case." "In the case of a mere assault the *quo animo* is material, as without an unlawful intention there is no assault."

The court adds: "To the same effect is *Vosburg v. Putney*, 80 Wis. 527, 50 N. W. 403."

It is clear, therefore, that the definition of assault and battery as adopted by this court implies a wrongful intent. If the common-law definition is as broad as contended for by counsel and includes acts committed negligently and unintentionally, it would embrace a large class of cases for personal injuries. This may be illustrated by the quotation from 2 Addison, Torts (Wood's ed.) § 788, as found in respondent's brief, as follows:

"Thus, if a man drives against and violently upsets the plaintiff in his carriage and knocks him down, or overturns the chair in which he is seated, the person thus striking the plaintiff or knocking him down is guilty of an assault, although he had no intention of committing an assault."

Are all personal injury cases which involve the element of negligent battery to be excluded from sec. 4222 requiring notice to be given, and are they to be barred after two years under sec. 4224, notwithstanding such notice?

It is considered by the court that the supreme court of the state of Minnesota in *Ott v. Great N. R. Co.* 70 Minn. 50,

72 N. W. 833, passed on the precise question we have here as regards the meaning of the word "battery" in our two-year limitation statute in accord with the conclusion before stated, and that in *Perkins v. Stein & Co.* 94 Ky. 433, 22 S. W. 649, and *Rieger v. Fahys W. C. Co.* 13 N. Y. Supp. 788, substantially the same conclusion was reached. In the Minnesota case it was said, in effect, speaking of the term "battery" in a limitation statute worded exactly like our own two-year statute above referred to, it means an event for which a criminal action for assault and battery will lie, not one involving mere negligence.

But, assuming that this complaint can be construed as stating a cause of action for a negligent battery, the court has reached the conclusion that it is to be governed by the provisions of sec. 4222, and that sec. 4224 does not apply. Sec. 4224 provides a limitation of two years on civil actions founded upon the malicious or wilful acts of the adverse party. It seemed wise to the legislature to fix this short period for the prosecution of claims of this character. The words "assault" and "battery," as found in that section, are used in the same sense as defined in the case already cited as involving an intentional wrong. The words "assault" and "battery," as found in subd. 2 of sec. 4224, are associated with libel, slander, and false imprisonment, which are founded upon a wrongful act and not upon the want of ordinary care. The action for a battery which must be brought within two years is therefore held to be an intentionally administered injury to the person. Secs. 4222 and 4224 must be construed together, and every part given effect, if possible. This could not be done if it should be held that an action for negligent battery might be brought within six years under the first section, and that it would be barred after two years under the second section. *Ott v. Great N. R. Co.* 70 Minn. 50, 72 N. W. 833.

For the reasons stated the court holds that this action is

governed by the provisions of sec. 4222 and cannot, therefore, be maintained.

*By the Court.*—The order appealed from is reversed, with directions to dismiss the action.

TIMLIN, J. (*concurring*). It was a summer evening on the road in front of Fehrman's saloon. The plaintiff was at that stage of young womanhood when her face was a considerable part of her fortune. The defendant was one of those young men who find it difficult or impossible to combine dexterity with celerity. With others they formed a friendly group, in the midst of which defendant turned around hastily while holding in his hands a beer glass which he seemed desirous of replenishing. In turning he unintentionally brought the beer glass in contact with plaintiff's face, cutting her lips and breaking several of her teeth. After one year and before two years she began this action against him. No notice was given as required by sec. 4222, Stats. (1898). The complaint avers that the defendant "did carelessly and negligently strike said plaintiff a severe blow in the face with a heavy beer glass."

The question for determination is whether the notice required by sec. 4222, Stats. (1898), should have been given. After six years from the time the cause of action accrued there is barred by subd. 5 of sec. 4222 "an action to recover damages for an injury to property, real or personal, or for an injury to the person, character or rights of another not arising on contract, except in case where a different period is expressly prescribed." After two years from the time the cause of action accrues there is barred by subd. 2 of sec. 4224, Stats. (1898), "an action to recover damages for libel, slander, assault, battery or false imprisonment." In cases falling within subd. 5. sec. 4222, unless the action is begun within a year notice of injury must be given within one year after the happening of the event causing such damages. In

cases falling under subd. 2 of sec. 4224 such notice is not required. It is contended that wherever an action of battery or trespass *vi et armis* at common law could be maintained the case falls within subd. 2 of sec. 4224, that the case at bar is such a case, and therefore no notice was necessary. But the case at bar was one in which either an action on the case or an action for battery, at the option of the plaintiff, might have been maintained at common law. In *Howard v. Tyler*, 46 Vt. 683, a case decided as late as 1874, the court said:

"Without entering the field of discussion that has been so fruitful of legal learning and ingenuity in the attempt to define and apply the distinction between the action of trespass and case, it is sufficient to say that the rule seems now to be well established by the authorities that when the injury to the plaintiff results from the immediate force of the defendant, and is caused by his carelessness and negligence, and is not wilful, the plaintiff can maintain either trespass or case"—referring to vol. 1, part 2, Hare & Wallace's notes to Smith's Leading Cases, marg. p. 554.

In *Dalton v. Favour*, 3 N. H. 465, an action for damages arising from personal injury, it was ruled:

"In all cases where the injury is attributable to negligence, although it were the immediate effect of the defendant's act, the injured party has an election either to treat the negligence of the defendant as the cause of action and declare in case, or to consider the act itself as the cause of the injury and declare in trespass"—citing authorities.

Perhaps no better evidence of what the common law was on this subject could be found than Chitty, Pl. (16th Am. ed.) *142, *143, and cases in notes.

In a state like this, where the common-law forms of action are abrogated and where the statute of limitations not only bars the remedy but extinguishes the right, it would be unreasonable to hold that the cause of action in the case at bar fell within one or the other of these different statutes of

limitation, depending upon whether the plaintiff elected to charge that the act was negligently done or to charge a battery not wilful. Regardless of the form of averment and looking to the real nature of the tort, we must range the action under one or the other of these two statutes. I believe it should fall under subd. 5 of sec. 4222, because that is the more comprehensive statute of the two, because of the associated words in subd. 2 of sec. 4224, and because a clear and positive division line may be drawn which will answer the exclusion of this case in any phase thereof, and all like cases, from subd. 2 of sec. 4224, and bring it and them within the other statute. That is to say, libel, slander, assault, battery, or false imprisonment referred to in subd. 2 of sec. 4224 cover a class of intentional wrongs. Assault, as well as battery, in the last-mentioned section, refers to the action for civil damages for an assault, or for an assault and battery where the wrong is intentional, and subd. 5 of sec. 4222 refers to all other injuries to the person. Cases of personal injury are therefore classified under one or the other of these subdivisions, not by a consideration of whether the injury or damage is the immediate effect of the defendant's act or the indirect effect of such act, but upon considering whether the injury was intentional or inadvertent. This view finds support in *Ott v. Great N. R. Co.* 70 Minn. 50, 72 N. W. 833; *Perkins v. Stein & Co.* 94 Ky. 433, 22 S. W. 649; *Rieger v. Fahys W. C. Co.* 13 N. Y. Supp. 788. The result is reversal and dismissal.