RAEFELDT, by guardian *ad litem,* Respondent, vs. KOENIG, Appellant.

*January 30—February 18, 1913.*

*Assault and battery: Justifiable acts: What may be shown under general denial: Improper conduct of counsel.*

1. The touching of another does not constitute an assault and battery unless done in an angry, revengeful, rude, or insolent manner, so as to render the act unlawful.
2. If, as defendant testified in this case, plaintiff was about to take some of his goods and upon being requested to desist she refused, he was justified in taking her by the hand and leading her out of his store, using no excessive force.
3. Such acts of defendant would not constitute an assault, and might properly be shown under a general denial.
4. Persistent efforts of counsel to inject into a case matter which the court has ruled out as being immaterial, irrelevant, and harmful, should be met by the trial judge with prompt and emphatic disapproval and with suitable admonition to the jury to disregard it.
5. Such conduct on the part of counsel may, of itself, necessitate a reversal.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

For the appellant there was a brief by *North & Crowns,* attorneys, and *Burke & Lueck,* of counsel, and oral argument by *Arthur J. Crowns.*

For the respondent there was a brief by *Royal F. Clark* and *J. E. Malone,* and oral argument by *Mr. Clark.*

VINJE, J.    Action for an assault alleged to have been committed upon the plaintiff by the defendant.    The answer was a general denial.    At the close of the testimony defendant asked leave to amend his answer by pleading the substance of the matters testified to by him.    The court allowed the amendment, but, as plaintiff claimed surprise, only upon terms of a continuance and costs.    Thereupon the defendant withdrew his amendment and the trial proceeded.    Plaintiff testified, in substance, that she entered the store of the defendant about 8 o'clock on the evening in question, as she had often done before, talked for some time with one Nellie Bloor and the clerk, Rose Miller, after which the two girls went out; that the defendant then came up to the front of the store, looked out of the door, through the window thereof, and then asked her to come to the rear end of the store to have some candy.    She told him she did not care for any, but he said she should come and have some anyway; that she then walked to the back end of the store and stopped beside the stove.    The defendant went back of the counter and said she should step back there and see what kind she wanted.    She told him any kind would do, but he said he had several kinds and told her to step back and see.    Thereupon she stepped back of the counter to look at the candy; that the defendant then put his right arm around her and grabbed her right breast, causing her a little pain, and that he tried to get his arm down, so that he would come on the outside and have her on the inside; that she was perhaps dragged a few feet toward the rear of the store.

She then jerked away from him, hit him with her elbow, and walked out. The defendant denied the statements made by the plaintiff as to what occurred in the store that evening, and testified that when the clerk and Nellie Bloor went out the plaintiff went to the peanut barrel and, finding that empty, she went back of the counter to the candy pails and reached into them; that he then came down from the desk in the northwest corner in the rear of the store, where he had been, walked up to the counter, and said: *"Mrs. Raefeldt,* if there is anything that you want, I am here to get it for you, and if not, please come out from back of there;" that she then turned up her nose and replied: "Don't have to." Whereupon he went back of the counter, took her by the hand and led her out of the store; that she went along willingly and made no resistance whatever. At the time of the alleged assault plaintiff was a married woman eighteen years of age, and the defendant a married man fifty-four years old.

The trial court directed the jury to return a verdict for the plaintiff, and submitted to them only the question of damages. Such direction was correct only upon the theory that defendant's acts, as testified to by him, constituted an assault. It is manifest that if they did not, there was evidence which, if believed, conclusively negatived the charge of an assault. Respondent claims the acts testified to by the defendant could not be shown under a general denial, but only under a plea of justification, and cites *Atkinson v. Harran,* 68 Wis. 405, 32 N. W. 756, and *Yeska v. Swendrzynski,* 133 Wis. 475, 113 N. W. 959. It is true those cases are authority for the rule that in a civil action for assault and battery evidence of justification is not admissible under a mere general denial. But they do not hold that under a general denial evidence showing that no assault in fact took place is inadmissible. That is the very issue raised by a general denial, namely, Did the defendant assault the plaintiff? An assault is an unlawful attempt, coupled with the apparent or real present ability, to do bodily

harm to another.  3 Cyc. 1025; 1 Cooley, Torts (3d ed.)
278; *Vosburg v. Putney,* 80 Wis. 523, 50 N. W. 403; *Degen-
hardt v. Heller,* 93 Wis. 662, 68 N. W. 411; *Donner v. Graap,*
134 Wis. 523, 115 N. W. 125.  Not every laying on of hands
constitutes an assault.  The attempt, or the force used, if it
proceeds beyond the stage of a mere attempt, must be unlaw-
ful.  The intention to do harm, or an unlawful intent, is of
the very essence of an assault, and without it there can be
none.  *Degenhardt v. Heller, supra; Donner v. Graap, supra;*
1 Cooley, Torts (3d ed.) 278.  To gently touch another for
the purpose of doing a lawful act does not amount to an as-
sault and battery.  The touching of, or injury to, another
must be done in an angry, revengeful, rude, or insolent man-
ner so as to render the act unlawful, before it can constitute
assault and battery.  1 Cooley, Torts (3d ed.) 281.  If it
be true, as defendant testified, that plaintiff was about to take
some of his goods, and that upon being requested to desist she
refused, he was justified in doing what he testified he did.
Such acts on his part did not constitute an assault.  No un-
lawful force was used.  1 Cooley, Torts (3d ed.) 291; *Breit-
enbach v. Trowbridge,* 64 Mich. 393, 31 N. W. 402.  The
trial court should therefore have submitted the case to the
jury to find whether or not there was an assault, and if so, the
amount of plaintiff's damages.  For failure to do this, the
judgment must be reversed.

This disposition of the case renders it unnecessary to dis-
cuss a number of other assignments of error.  We cannot for-
bear, however, to express our unqualified disapproval of the
persistent efforts of plaintiff's counsel to inject into the case
highly prejudicial matter against the repeated rulings of the
trial court.  Such conduct alone might necessitate the re-
versal of a case.  *Barton v. Bruley,* 119 Wis. 326, 96 N. W.
815.  When an attorney has obtained a ruling from the trial
court in a form which fairly raises a question as to the ad-
missibility of the evidence sought to be introduced, courtesy
to the court should forbid a wilful repetition of the effort

even though the evidence sought to be introduced is not clothed with innuendoes prejudicial to the other side.    Much more should such effort cease when it is apparent that the offered evidence is ruled out because it is held to be immaterial, irrelevant, and harmful. · Efficient discharge of judicial duty also requires on the part of the trial judge prompt and emphatic disapproval of such conduct, with suitable admonition to the jury to disregard it, to the end that the real issues may be passed upon freed from irrelevant and prejudicial matter.

·. *By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.