## STATE v. BEN LEHMAN.[1]

December 17, 1915.

Nos. 19,523—(3).

**Indictment for assault — meaning of "wilfully."**

1. The term "wilfully" imports designedly and intentionally; and an indictment for an assault which follows the language of the statute and charges that defendant wilfully assaulted another and wilfully inflicted grievous bodily harm upon him, sufficiently charges an intent to inflict such harm.

**Assault and battery.**

2. Unlawfully discharging a firearm to frighten another, although intending not to hit him, is an assault and battery if the other be hit.

**Same — charge to jury.**

3. An instruction which was proper in defining an assault in the third degree, but which was given as defining an assault in the second degree, was without prejudice, even if erroneous in respect to the

[1] Reported in 155 N. W. 399.

second degree, where defendant was found not guilty in the second degree but guilty in the third degree.

Defendant was indicted by the grand jury for the crime of assault in the second degree, was tried in the district court for Goodhue county before Converse, J., and a jury and convicted of assault in the third degree. Defendant's motion for arrest of judgment and for a new trial was denied. From the sentence that defendant pay a fine of $50 and the costs of prosecution, and in default of payment be imprisoned in the county jail until paid, not exceeding 90 days in all, he appealed. Affirmed.

*A. J. Rockne* and *Andrew Finstuen,* for appellant.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, *Thomas Mohn,* County Attorney, and *Albert Mohn,* Assistant County Attorney, for respondent.

TAYLOR, C.

Defendant was indicted for an assault in the second degree and was convicted of an assault in the third degree. He made a motion in arrest of judgment and also for a new trial. These motions were denied; sentence was imposed, and he appealed.

1. Defendant contends that the indictment fails to charge an intent on his part to injure Carl Mogren, the complaining witness, and is insufficient for that reason. Its sufficiency in all other particulars is not attacked. The indictment is substantially in the language of the statute; and charges that defendant wilfully and wrongfully committed an assault upon Carl Mogren and wilfully and wrongfully inflicted grievous bodily harm upon him by shooting him with a pistol in the manner therein stated. The term "wilfully" imports that the acts were committed designedly and intentionally. State v. Bell, 26 Minn. 388, 5 N. W. 970; 30 Am. & Eng. Enc. (2d ed.) 525; 8 Words & Phrases, 7468; 3 Bouvier's Law Dictionary, 3454; Webster's Dictionary; Century Dictionary; Standard Dictionary. The indictment is sufficient in both form and substance.

2. Defendant was village marshal of the village of Kenyon. On Hallowe'en night in 1914, a party of young men had a supper in the rooms of some of their number located over a store in the village. After the

meal, several of them went down upon the street, and at the foot of the stairway met defendant who went up to the room and had some of the supper. All in the party were well known to defendant and on friendly terms with him. Some of them ran a manure spreader and an old wagon into the street and took some other articles from nearby buildings which they also placed in the street. Soon afterward, while a group of the young men were standing in an alley a short distance from the street talking about going home, defendant came toward them from the other end of the alley and when about 50 feet distant called out to them: "Why don't you fellows go home?" and fired his revolver. The bullet struck Mogren in the upper part of the leg. Defendant claims that he shot into the ground for the purpose of frightening the boys and that the bullet must have struck something which caused it to glance. The prosecution claim that the fact that the bullet entered the upper part of the leg and continued in a downward course nearly to the knee, shows that it did not glance upward from the ground, but this is not important upon the present appeal. Neither Mogren nor any of his associates were engaged in any unlawful or improper act at the time of the shooting.

The above statement of facts is given to show the bearing of that portion of the charge which defendant urges as error. In this portion of the charge, the jury were told in substance that, if they found beyond a reasonable doubt that defendant, knowing the position of the boys, "recklessly or carelessly discharged his pistol against the ground," and further found "that such action on the part of the defendant was of such a reckless or careless nature as to show indifference as to whether another person was thereby injured," and further found that such action resulted in the ball so discharged striking Mogren and inflicting grievous bodily harm upon him, they should find defendant guilty of assault in the second degree. The jury found him not guilty of an assault in the second degree, but guilty of an assault in the third degree. Therefore assuming, without conceding, that this instruction was error as applied to the second degree, it is not cause for reversal unless also error in respect to the third degree. The statute defines what constitutes an assault in both the first and second degrees, and then provides: "Every person who shall commit an assault, or an assault and battery,

not amounting to an assault in either the first or second degree, shall be guilty of an assault in the third degree."[1]   The statute does not define what constitutes an "assault" nor what constitutes a "battery" within the meaning of this section, and these terms still retain their common law meaning.

In discharging his revolver at the time and place and under the circumstances stated, defendant committed an unlawful act.   G. S. 1913, § 8803.   It is the general rule that a person who intentionally commits an unlawful act, and in doing so inflicts an unforeseen injury, is criminally liable for such injury.   Discharging a firearm without justification to frighten another, although intending not to hit him, is an assault and battery if the other be hit.   State v. Triplett, 52 Kan. 678, 35 Pac. 815; Commonwealth v. Mann, 116 Mass. 58, Commonwealth v. Hawkins, 157 Mass. 551, 32 N. E. 862; Malone v. State, 77 Miss. 812, 26 South. 968; Smith v. Com. 100 Pa. St. 324; State v. Baker, 20 R. I. 275, 38 Atl. 653, 78 Am. St. 863; Tyner v. United States, 2 Okla. Cr. 689, 103 Pac. 1057; State v. Surry, 23 Wash. 655, 63 Pac. 557.

In view of the admitted fact that defendant intentionally discharged his revolver for the purpose of frightening the boys, the instruction complained of was proper in defining what would constitute an assault in the third degree.   As defendant was found guilty in the third degree, and was found not guilty in the second degree, no prejudice resulted to him even if the court erred in applying the instruction to the second degree.   Upon the conceded facts, defendant was clearly guilty of an assault in the third degree.

Judgment affirmed.

BROWN, C. J. (dissenting).

Defendant was a police officer.   Late at night on the day charged in the indictment, he discharged his revolver against the ground, for the purpose of frightening some young men or boys who had been about the streets engaged in Hallowe'en pranks, thus to induce them to go to their homes.   The bullet from the revolver struck an object on the ground and was deflected and one of the young men received an injury therefrom.   The officer was not actuated by malice or evil intent.   De-

[1][G. S. 1913, § 8633.]

fendant was indicted for an assault in the second degree. The court charged the jury that, if the act of discharging the revolver was reckless *or careless,* defendant might be convicted of an assault in the third degree; an assault and battery under our statutes. I am unable to concur in the conclusion of the court that, as applied to the facts stated, the instruction was not erroneous. A reckless act, committed without regard to the life or safety of others and resulting in the death of another, may, under certain circumstances, constitute the crime of manslaughter. But an act of mere carelessness or negligence, though it result in injury to another, does not constitute a crime, though the guilty party may be liable in a civil action for damages. On the facts here stated the criminal intent is wholly lacking. In a similar case it has been held that there is even no civil liability. Degenhardt v. Heller, 93 Wis. 662, 68 N. W. 411, 57 Am. St. 945; Donner v. Graap, 134 Wis. 523, 115 N. W. 125. If there be no civil liability in such case, clearly there can be no conviction in a criminal prosecution. The authorities cited in the opinion do not, as I read them, justify the conclusion that *mere negligence* is a crime. Reckless shooting of firearms is made a misdemeanor by G. S. 1913, § 8803, and, had defendant been charged with a violation of that statute, the instructions of the court would have been less objectionable. However, neither that statute nor section 8606, can be referred to in support of the conviction in the case at bar. Neither statute has any application to an assault and battery. The act of defendant in discharging his revolver to frighten the boys was not an unlawful act in itself; if unlawful at all it was so because prohibited by section 8803, supra. But the violation of such a statute will not justify a conviction of assault and battery upon the ground of negligence. It might be otherwise if the act was unlawful in itself and without reference to the statutory prohibition. Commonwealth v. Adams, 114 Mass. 323, 19 Am. Rep. 362.

For these reasons I respectfully dissent.