HILLIS C. NEWMAN, APPELLANT, V. PAUL CHRISTENSEN, APPELLEE.

31 N. W. 2d 417

Filed March 19, 1948.    No. 32338.

*Chambers & Holland,* for appellant.

*Sidner, Lee & Gunderson, Kennedy, Holland, DeLacy & Svoboda,* and *Edwin Cassem,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is an action for personal injuries suffered by the plaintiff by reason of his foot being suddenly jerked up by defendant, throwing him backward out of his chair, by which act he was injured. At the close of the plaintiff's evidence, the defendant moved to dismiss plaintiff's cause of action on the ground that it was barred by the statute of limitations. The court thereupon instructed the jury that it had become a legal question, which the court had determined, and instructed the jury to return a verdict for the defendant. Plaintiff appealed.

The evidence in the bill of exceptions discloses that the plaintiff was at the time of trial 54 years old. He was a traveling salesman for a Minneapolis firm, covering western Iowa, southern Minnesota, and a part of Nebraska, and had followed that occupation for 19 years.

At about 8:30 on the evening of March 18, 1945, the plaintiff, defendant, and two other friends were playing pitch in the Elks Club at Fremont. At the completion of a game two one-dollar bills were left lying on the corner of the table, which the plaintiff in a play-

ful spirit said if the defendant did not want to get them off the table, and plaintiff thereupon pushed the money off the table. The plaintiff was sitting in a bentwood chair, with gliders under the legs, the linoleum on the floor being highly waxed. The defendant stooped down to get the money, grabbed plaintiff's right foot, and gave it a sharp jerk upward. The chair spun away and plaintiff fell over backward, with his feet in the air, striking the middle of his back. However, while he continued the game that evening, yet from the fall he allegedly suffered serious injuries to his back and spine. He charged in his petition that he was unable to do any work for a period of approximately 38 weeks thereafter and will hereafter be partially disabled, decreasing his earning capacity at least 50 percent, the injury to his eighth dorsal vertebra causing great pain, and that the injuries are permanent.

The answer admitted the occurrence, which it claimed was "horse play," and charged that the cause of action, if any, was barred by the statute of limitations.

The two assignments of error are that the trial court erred in sustaining the defendant's motion to dismiss at the conclusion of the plaintiff's evidence, and erred in overruling the plaintiff's motion for a new trial.

The sole question involved is whether the action was governed by section 25-208, R. S. 1943, which provides that actions for assault and battery must be brought within one year, or by section 25-207, which provides that actions for tort can be brought within four years. The petition in this case was filed over a year and a half after the action arose.

If the act of the defendant was a battery, the Nebraska law requires that it should be filed within one year, and on that point alone the trial judge dismissed plaintiff's action.

We will examine several definitions of a battery by various authorities.

"A battery is defined as an actual infliction of vio-

lence on the person, or an unlawful, that is, an angry, rude, insolent, or revengeful touching of the person. Hilliard on Torts (3d Ed.) 181, Secs. 8 and 9." Razor v. Kinsey, 55 Ill. App. 605.

"The intention to do harm is of the essence of an assault; * * *." 2 Greenleaf, Evidence, § 83, p. 70.

"An assault and battery is not negligence. The former is intentional; the latter is unintentional." 6 C. J. S., Assault and Battery, § 11, p. 804.

"Bishop, in his work on Criminal Law, volume 2, section 72, says that to constitute a battery 'there must be some sort of evil in the intent.' We are, therefore, prepared to say that to constitute an assault and battery under the foregoing definitions the act complained of must be done with a hostile intent. * * * Under the petition as drawn the plaintiff is entitled to recover upon showing any degree of negligence, whether ordinary or gross, and we do not think that mere acts of negligence, in any of its degrees, are assaults and batteries in the meaning of the statute." Perkins v. Stein & Co., 94 Ky. 433, 22 S. W. 649.

The limit for bringing actions in Minnesota and Wisconsin for battery is two years, and we cite a case from each court.

"The action for a battery which must be brought within two years is therefore held to be an intentionally administered injury to the person." Donner v. Graap, 134 Wis. 523, 115 N. W. 125.

"The action for a battery which, under the provisions of section 8, supra, must be brought within two years, is an action founded upon an intentionally administered injury to the person,- such an injury as could be made the basis of a criminal prosecution." Ott v. Great Northern Ry. Co., 70 Minn. 50, 72 N. W. 833.

This court has said that "Assault and battery consists in an injury actually done to the person of another in an angry, resentful, or insolent manner." Miller v. Olander, 133 Neb. 762, 277 N. W. 72.

After this discussion of battery, we will now examine the negligence rule as applicable to the case at bar. Although it may be true that every personal injury committed through negligence is, strictly speaking, a "battery," within the common-law definition, it does not follow that the word "battery," as used in section 25-208, R. S. 1943, is to be construed to include all personal injury actions. The action for a battery, brought within the one-year limitation, is proper if founded upon an intentionally administered injury to the person. But there is another class of cases in which the personal injury occurred through the negligent act of one person, and such negligent acts do not come within the definitions of assault and battery heretofore set out, for the intention to inflict the injury is entirely lacking. 4 Am. Jur., Assault and Battery, § 3, p. 126. See, also, Baltimore City Passenger Ry. Co. v. Tanner, 90 Md. 315, 45 A. 188; Johnston v. Pittard, 62 Ga. App. 550, 8 S. E. 2d 717.

"The fact that a practical joke is the cause of an injury to a person does not excuse the perpetrator from liability in damages for the injury sustained." 52 Am. Jur., Torts, § 90, p. 436.

In the case of Great Atlantic & Pacific Tea Co. v. Roch, 160 Md. 189, 153 A. 22, where a dead rat was substituted for a loaf of bread in a package, which caused plaintiff such fright when she opened the package that she became a nervous wreck, the verdict for plaintiff was sustained. It was held that damages may be recovered for physical injuries caused by shock or fright.

Another illustration of the rule is shown in a case which occurred in 1891, where the defendant took away the lines so a horse could not be driven. The plaintiff brought suit for damages. The trial court said that if the defendant would return the lines he would dismiss the jury from further consideration of the case. Upon appeal, the Supreme Court reversed this dismissal, and said that the question could not be legally taken

from the jury and settled by the court. Wartman v. Swindell, 54 N. J. L. 589, 25 A. 356, 18 L. R. A. 44.

"It is reasonable to suppose that the law-makers had in mind an action *vi et armis* against the person when they used the words, 'an action to recover damages for assault and battery,' and meant to exclude an action for injury to the person by negligence, which at common law was an action on the case." Rieger v. Fahys Watch-Case Co., 20 N. Y. Civ. Pr. Rep. 204, 13 N. Y. Supp. 788.

It is a general rule that, when one does an act which proves injurious to another, civil liability usually follows from the existence of a right in the injured person. Although the act was done without malice, and no mischief was intended, he may be held answerable for the injuries which follow. See 26 R. C. L., Torts, § 6, p. 759; 22 Am. Jur., Explosions and Explosives, § 11, p. 131.

In the case at bar, we have reached the conclusion that, while actions for assault and battery, under section 25-208, R. S. 1943, must be brought within one year, this action is one for negligence, being an act which an ordinarily prudent man would not have done, and therefore, being in tort, may be brought within four years, as provided in section 25-207, R. S. 1943.

Having reached this conclusion, it follows that the trial court erroneously directed a verdict for the defendant. The judgment is hereby reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.