## BROUGHTON and PARKS, *vs.* WHALLON.

*Trespass* will not lie against a person for the taking of property *by mistake*, by his servant, where no direction or authority is given by the principal to take *the particular property* in question, and where there is no subsequent assent or approbation with a knowledge of the trespass.

THIS was an action of *trespass*, tried at the Essex circuit, in June, 1830, before the Hon. ESEK COWEN, one of the circuit judges.

The action was for the taking of two piles of plank, from Cedar-point, on Lake Champlain. One Clapp, being indebted to the defendant, gave him an order for 3000 plank which he had at Cedar-point. The order was given in the city of Troy, from whence the defendant forwarded it to the wife of Clapp at Cedar-point by the master of a canal boat, who,

probably by mistake, took 700 or 1100 pieces of plank from Cedar-point belonging to the plaintiffs, and proceeded with them to Troy. A few days thereafter one of the the plaintiffs and the defendant and Clapp met at Cedar-point, and it was ascertained that the plank of the plaintiffs had been taken.

The defendant proposed that Clapp should pay the plaintiffs for the plank, who consented to do so, and the plaintiff agreed to the arrangement, saying it was immaterial to him who paid for the plank provided they were paid for ; but not being able to ascertain the precise quantity, nothing further was then done. Some time afterwards the plaintiffs called upon Clapp for payment; he was unable to pay ; and this suit was commenced. The plaintiffs proved the value of the plank *at Troy* to be $\frac{14}{100}$ per piece, and that the expense of transportation was $\frac{4}{100}$. The defendant objected to this evidence, insisting that the value of the plank *at Cedar-point* should be the measure of damages, but the objection was over-ruled. The judge charged the jury, that if they found that after the plank had been taken, an agreement had been entered into by the plaintiffs, to sell them to the defendant and to receive payment from the defendant or Clapp, they must find for the defendant ; but if such agreement was not made, they must find for the plaintiffs the value of the plank at Troy, as they had a right to presume that they had been disposed of for the benefit of the defendant. The defendant excepted to the charge, insisting that enough had not been shewn to render him liable in *trespass*, in as much as it did not appear that he had ratified the acts of the boatman, by disposing of the plank or otherwise. The jury found for the plaintiffs, with $133 damages. The defendant moved for a new trial.

*S. Stevens*, for the defendant.

*I. William* for the plaintiffs.

*By the Court*, NELSON, J. That the plaintiff did not accept the responsibility of Clapp absolutely, in discharge of the liability of any other person who might be holden for the plank, I consider as settled by the jury.

The principal question is, whether *trespass* will lie against the defendant; I am of opinion it will not. No authority or direction was given by him to the boatman to take the plank of the plaintiffs, nor is there any assent to, or approbation of the taking by the defendant after the the trespass was committed. On learning that the boatman had made the mistake, instead of justifying the act, or pretending he had any right or authority to do so, the defendant proposed a mode of compensating the owners, and no doubt supposed he had accomplished it, which would have been the fact had Clapp not failed. Most clearly, the admission of the fact that the boatman had taken the plank, and the proposition of payment, which is all the defendant has done, cannot be construed into an assent to, or approbation of the wrongful taking; if they prove any thing, they shew the dissent of the defendant.

If the defendant is to be made accountable to the plaintiffs for the plank, on the ground of the negligence of the boatman, and that he was his servant, and acting in his employment at the time of the taking of them, (upon which we at present give no opinion,) then the action should have been case and not trespass; 2 Selw. 841; 1 Bos. & Pul. 404, without resorting to this principle, as it is conceded that the defendant had the plank, and appropriated them to his own use, there can be no difficulty in the remedy.

New trial granted, costs to abide the event.