MICHAEL ARTHUR, Plaintiff in Error, *v.* JOSEPH H. RICKARDS, Defendant in Error.

1. *Practice, civil — Pleadings — Demurrer, on ground that another suit is pending embracing same parties and cause of action, should be overruled.*—A demurrer to a petition, based on the ground that another suit was then pending between the same parties and for the same cause of action, when no such facts appeared in the petition, should be overruled.

*Error to Clay Circuit Court.*

*Chandler & Sherman* and *J. G. Woods*, for defendant in error.

I. This cause should be dismissed from this court, because the record shows no final judgment from which a writ of error will lie. (Whittel's Pr. 212, 407, 500.) The transcript of the record must show in this court that final judgment has been entered in the court below. (Collier v. Whedon, 1 Mo. 1; State, etc., v. Pepper, 7 Mo. 348; Horr v. Knighton, 9 Mo. 180; Robinson v. Morgan County Court, 32 Mo. 428.) An order dismissing a suit is not a final judgment from which a writ of error will lie (Miller v. Richardson, 1 Mo. 310), nor is an order merely sustaining a demurrer. (Robinson v. Morgan County Court, *supra*; Young v. Stonebreaker, 33 Mo. 117; Smarr v. McMaster, 34 Mo. 204; Adams, Adm'r, v. Trigg, 35 Mo. 190; State v. Gregory, 38 Mo. 501.) The essential form of final judgment on demurrer is given in Whittel's Pr. 212; Lisle v. Rhea, 9 Mo. 772; Jones v. Hoppie, 9 Mo. 173; Young's Adm'r v. Stonebreaker, *supra*, and note; State v. Gregory, *supra*.

II. The Circuit Court would and must judicially notice its own records. Proof of them would seem useless and even improper.

*Hardwicke*, for plaintiff in error.

CURRIER, Judge, delivered the opinion of the court.

The court sustained a demurrer to the petition and dismissed the suit. The judgment of dismissal was informal, but it was final and fatal to the plaintiff's action. The dismissal terminated the suit in the Circuit Court, and the plaintiff was compelled either to submit to the consequences or bring the cause here.

The defendant demurred upon the ground that another suit was then pending between the same parties and for the same cause of action. It is not pretended that the petition shows any such fact. The demurrer should therefore have been overruled.

The statute is clear and express on this point. (Gen. Stat. 1865, p. 658, § 6.)

Judgment reversed and cause remanded. The other judges concur.