# THE BALTIMORE CITY PASSENGER RAILWAY COMPANY *vs.* ERNEST TANNER.

*Negligence—Limitation of Action—Evidence—Expert Witness— Proximate Cause.*

An action against a street railway company to recover damages for an injury caused by a collision with a car is not an action for assault, battery or wounding within Code, Art. 57 sec. 1, which provides that all actions of assault, battery and wounding shall be commenced within one year from the time the cause of action accrued.

In an action to recover damages for a physical injury caused by defendant's negligence, a medical witness may be asked if plaintiff's deafness in one ear was the natural and probable result of the injury inflicted upon him.

When an expert has heard the evidence in the case he may be asked whether such evidence, assuming it to be true, leads to a certain conclusion, and it is not necessary to repeat the evidence to him in the form of a hypothetical question.

When a witness has been cross-examined upon a matter collateral and irrelevant to the issue it is not competent to offer evidence to contradict him as to such matter.

Appeal from a judgment of the Superior Court of Baltimore City (RITCHIE, J.) The question asked in the second bill of exceptions was as follows : " Now I ask you, with this knowledge of this accident as thus narrated by this witness in your presence on the witness stand, was or was not this accident a sufficient or insufficient cause to produce any of these conditions that upon your examination on February 23rd, 1897, you discovered in the patient, and if yea, state whether or not the condition that you found this patient in on February 23rd, 1897, was or was not a natural and probable result of the accident as you have heard it described ?" The question asked in the fourth bill of exceptions was as follows : " As a medical expert, can you state whether or not the deafness of the plaintiff in his left ear, as testified to in this case in your presence, was or was not a natural and probable result of the accident ?" The jury returned a verdict for the plaintiff for $3,000.

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD and SCHMUCKER, JJ.

*Arthur W. Machen* and *William S. Bryan, Jr.,* for the appellant.

*Thomas G. Hayes,* (with whom was *Henry J. Broening* on the brief,) for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit is brought by the appellee against the appellant, a corporation, owning and operating a street railway in the city of Baltimore, to recover for personal injuries sustained by the appellee.

The declaration states, " that the plaintiff was in a Dayton wagon being driven northwardly on Marshall street or avenue, which is one of the public streets of Baltimore, and while the plaintiff was in said wagon being driven as aforesaid, the defendant, its agents, servants, and employees, negligently ran at great speed one of the defendant's cars

into the rear of said wagon, and threw the plaintiff out of said wagon on to the surface of said street or avenue and the plaintiff in falling from said wagon to said street or avenue, fell on his head and side, and by said fall the plaintiff had his collar-bone broken, his head and body bruised, causing him great pain in body and mind, and his brain and nervous system by the concussion caused by said fall were materially and permanently impaired and injured, so that the plaintiff has become deaf and unable to sleep soundly, and constantly in a nervous and excitable condition," &c.

To this declaration, the defendant pleaded, (1) not guilty; (2) that the alleged cause of action did not accrue within one year before this suit, and (3) that the defendant did not commit the supposed grievances or any of them, at any time within one year next before the commencement of this action.

At the trial, issue was joined on the first plea, and a demurrer entered to the other two.

The first question, then, for consideration, arises upon the ruling of the Court in sustaining the demurrers, and that is whether this action is within that part of section 1, Art. 57, of the Code, which provides that "all actions of assault, battery, and wounding, or any of them shall be commenced within one year from the time the cause of action accrued," or whether it is an action on the case, and within the three year period of limitation mentioned in the statute.

The rule is stated to be that when the injury is done directly by the person sued the action should be trespass; when it is consequential as when done by a servant, and the master is sued on account of his liability for the acts of his servant, case is the proper remedy. Mr. Chitty, in his work on *Pleading*, vol. 1, page 147, says: "If the injury arises from the want of care or negligence of the servant, case is the remedy, but if it occurred as the necessary, probable or natural consequence of the act ordered by the master, then the act is the master's, and he should be sued in trespass (if the act were forcible and immediate"). The

leading cases to which we have been referred also sustain this view.   In *Sharrod* v. *The London and North Western Railway Company*, 4 Exchequer, 584, BARON PARKE, thus states the rule : " Whenever the injury done to the plaintiff results from the immediate force of the defendant himself, whether intentionally or not, the plaintiff may bring an action of trespass ; on the other hand, that if the act be that of the servant and be negligent not wilful, case is the only remedy against the master, unless the act was done by his command."   The following cases sustain this position : *Claflin* v. *Wilcox*, 18 Vt. 605 ; *McAllister* v. *Hammond*, 6 Cowen, 342 ; *Broughton* v. *Whallin*, 8 Wend. 474 ; *McManus* v. *Crickett*, 1 East. 106 ; *Morly* v. *Gaisford*, 2 H. Bl. 442 ; *Ogle* v. *Barnes*, 8 Term Rep. 190 ; *Huggert* v. *Montgomery*, 2 Bos. & Pul. N. R. 446 ; *Scott* v. *Sheppard*, 1 Smith's Leading Cases, 797 ; 1 *Poe Pl. & Pr.*, 161.

It is quite certain, we think, that an action for a personal injury resulting from negligence or the want of due care, as the case at bar, is not of the same class as actions for " assault, battery and wounding," and not therefore within that part of the statute prescribing one year as the period of limitation.   The Supreme Court of Minnesota in passing upon the same question in the recent case of *Ott* v. *Great Northern Ry. Co.*, 70 Minn. 50 (72 N. W. Rep. 833), says in effect : It may be true that every personal injury committed through negligence, but unintentionally, is a battery, within the very broad common law definition.   But it does not follow that the word " battery " is to be construed so as to include " personal injury " actions or that it is to be defined according to the common law.   Such a construction has never been suggested to our knowledge prior to this time.   But the action for a battery, within the two years' limitation, mentioned in the Act, has admittedly been the action founded upon an intentionally administered injury to the person—such an injury as could be made the basis of a criminal prosecution and not that which resulted from the want of due care.   Personal injury cases

are not of the same genus or class as the actions for a battery, as that action is provided for in section 8, and never have been.    In no respect are they within the rule of *ejus-. dum generis* as applied to an action for a battery.    There was no error, then, in sustaining the plaintiff's demurrer to the second and third pleas.

At the trial of the case, the appellant reserved seven exceptions ; six to the admissibility of evidence and one to the plaintiff's prayers.    The prayers offered on both sides appear to have been granted.    We will pass on the exceptions in their regular order, as they form the basis of this appeal.

The first, second and third exceptions are substantially the same and relate to questions asked the medical witnesses as to whether the deafness of the plaintiff in the left ear was the natural and probable result of the accident. There was no dispute in this case as to the accident or that the injury was the result of the accident, but the contention was over the extent of the plaintiff's injuries.  The Supreme Court in *Scheffer* v. *Railroad Co.*, 105 U. S. 249, in passing upon a case involving the question of proximate and the remote causes of a wrong, said :    " It is admitted that the rule is difficult.    But it is generally held that in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the 'light of the attending circumstances.'"  *Milwaukee and St. Paul R. Co.* v. *Kellog*, 94 U. S. 475 ; *Hoag* v. *Lake Shore R. Co.*, 85 Pa. St. 293 ; *B. C. P. Ry. Co.* v. *Kemp*, 61 Md. 74–78 ; *Mayne on Damages*, 15.

Nor do we find any serious objection to the form of the questions asked in these exceptions or the testimony given by the expert witnesses.    In *Davis* v. *State*, 38 Md. 41, this Court held, where an expert witness had heard the examining physician describe fully the nature and character of the injuries and had heard other witnesses describe the

construction and condition of the sink, it was competent for him to say whether such injuries were likely to have been occasioned by the accidentally falling into the sink. In *Gilman* v. *Town of Strafford*, 50 Vt. 727, the Court said: "Where an expert hears or reads the evidence, there is no reason why he may not form as correct a judgment based upon such evidence, assuming it to be true, as if the same evidence was submitted to him in the form of hypothetical questions ; and it would seem to be an idle and useless ceremony to require evidence with which he is already familiar to be repeated to him in that form."

In the case at bar, the experts simply based their opinions upon the facts given in evidence that were not disputed. This was competent evidence and clearly within the rule under the circumstances. I *Greenleaf Evidence*, 400, 440 ; I *Wharton Evidence*, 440; I *Phil. Evidence*, 778; *Spring Co.* v. *Edgar*, 99 U. S. 645 ; *Schneider* v. *Manning*, 121 Ill. 387 ; *Tingley* v. *Cowgill*, 48 Mo. 298 ; *Hand* v. *Brookline*, 126 Mass. 325.

The ruling in the fourth exception was entirely correct. The cross-examination of Dr. Atkinson had been upon a matter wholly collateral and irrelevant to the issue and evidence was not afterwards admissible to contradict his testimony. *Sloan* v. *Edwards*, 61 Md. 105 ; I *Greenleaf Evidence*, sec. 449 ; 2 *Poe Pl. & Pr.*, 280. The case of *Wise* v. *Ackerman*, 76 Md. 392, relied upon by the appellant has no application to the facts of this case.

The objection to the evidence offered in the fifth and sixth exceptions was also properly sustained. The questions had, in effect, been previously answered, and there was no necessity for repeating the questions.

We have carefully examined all the exceptions and find no error which would justify a reversal of the judgment. We do not understand the law enunciated by the prayers to be questioned. Finding no reversible error, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided January 9th, 1900).