JOHN A. ABEND *v.* ESTHER M. SIEBER.

[No. 83, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Walter L. Clark,* with whom were *Clater W. Smith* and *Jenifer & Jenifer* on the brief, for the appellant.

*Arthur R. Padgett,* with whom was *T. Wilbur Meads* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

At the trial of this case, in which the judgment appealed from was in favor of the plaintiff (appellee), the defendant

excepted to three rulings of the court, two on the admissibility of evidence, the other to the granting of the plaintiff's only (damage) prayer, the overruling of special exceptions to it, and the refusal of the defendant's third and fourth prayers.

The declaration, after describing the accident, says: "The said plaintiff was then and there seriously and permanently injured about the head, body and limbs, caused to suffer great physical pain and mental anxiety, and caused to suffer a miscarriage, and was otherwise injured and damaged," etc. No contention is made that the evidence does not show negligence on the part of the defendant or that the plaintiff was not injured, but the contention is that there is no evidence legally sufficient to show that the plaintiff sustained any permanent injury or that the miscarriage followed as a result of the accident.

If the physical condition of the plaintiff, following the accident, which occurred September 8th, 1929, down to the time of the trial in March, 1931, was attributable to the accident, there would be evidence legally sufficient to submit the question of the permanency of her injuries to the jury. *City Passenger Ry. Co. v. Baer,* 90 Md. 97, 44 A. 992; *Montgomery Bus Lines v. Diehl,* 158 Md. 233, 240, 148 A. 453.

According to the evidence, Dr. Frank Eldred, an uncle of the plaintiff by marriage, was called to attend the plaintiff. He said he examined her "and found her bruised on her left side from her arms to her ankle and suffering abdominal pain and slight discharge of blood from her vagina and of course * * * thought it was a threatened miscarriage." He was obliged to leave, and the third day turned the case over to Dr. G. Carville McCormick, who attended Mrs. Sieber for three or four days. On the 17th she was taken to the University Hospital, Baltimore, where she was in charge of Dr. Cecil W. Vest, and remained there six days. She returned to the hospital on October 16th, and the following day was operated on by Dr. Vest, who testified: "The condition which I found was an abdominal pregnancy. The natural pregnancy is a pregnancy that occurs in the uterus. It sometimes

occurs in either of the Fallopian tubes. An abdominal pregnancy is outside the tubes, before you get to the Fallopian tubes. * * * In this case I found the fetus outside the tubes." The pregnancy was in the third month. After the operation and removal of the fetus, the plaintiff remained in the hospital about forty days. After returning home from the hospital, she was treated until in February, 1930, by Dr. Eldred. The plaintiff testified that she still suffers pain. Some days she can be up and around and get along pretty good; cannot stand without wearing an abdominal support.

Dr. Thomas K. Galvin, called on behalf of the defendant, testified that it is not always necessary to operate in cases of extra-uterine pregnancy, but that it usually is.

A damage prayer in the usual form, including permanent injury, was the only one submitted by the plaintiff. The defendant specially excepted on the ground that there was no legally sufficient evidence that the plaintiff had sustained any permanent injury, and this exception was overruled. The defendant's third and fourth prayers were to the same effect as the special exception to the plaintiff's prayer, so that all the prayers and the special exception may be considered together.

There is no evidence in the record that the accident had anything to do with the miscarriage or abortion, and none to show that an abortion would not have been necessary even if the accident had not occurred. There is no evidence from which the jury might have inferred that the injuries complained of, excluding the miscarriage or abortion, would have had any permanent effect. It might be significant that the plaintiff has complained of pain, suffering, and disability from the time of the accident, and that a reasonable inference might be drawn from those facts to attach liability to the defendant as the cause (*Neeld Construction Co. v. Mason,* 157 Md. 571, 574, 146 A. 748; *Baltimore & Liberty Turnpike Co. v. Cassell,* 66 Md. 419, 431, 7 A. 805; *Baltimore v. Terio,* 147 Md. 330, 336, 128 A. 353), but, when an injury for which damages is claimed (in this case an operation for extra-uterine pregnancy) follows in point of time the accident

for which suit is brought, and the subsequent development usually has its peculiar and independent cause, then the original accident as the exciting cause of the ultimate effect must be affirmatively shown, and in this case that was not done.

The rule as stated by Judge Alvey in *Corner v. Mackintosh,* 48 Md. 374, 389, although a suit for trespass *d. b. a.* is equally applicable here, and that is: "That the natural results of a wrongful act are understood to include all the damage to the plaintiff of which such act was the efficient cause, *though in point of time the damage did not occur until some time after the act done.* To such an extent is this principle carried, for the purpose of accomplishing justice, and securing to parties full compensation for wrongs suffered, that the proof of actual damages may extend to all facts which occur and grow out of the original injury, even down to the day of the verdict; the exception to this rule excluding only such facts as not only happened since the institution of the action, but which furnish of themselves sufficient ground for a distinct suit."

It has been decided in this state that, when disease or infection is set in motion or aggravated by injury, or the accident may be followed by disease or injury as its cause, damages may be recovered for such unexpected results, but in every instance proof of such facts is required and nothing assumed. *Kauffman Construction Co. v. Griffith,* 154 Md. 55, 60, 139 A. 548; *Dickson Construction Co. v. Beasley,* 146 Md. 568, 575, 126 A. 907; *Neeld Construction Co. v. Mason,* 157 Md. 571, 574, 146 A. 748; *State v. Wash., B. & A. R. Co.,* 130 Md. 603, 613, 101 A. 546. "In matters of proof we are not justified in inferring from mere possibilities the existence of facts. There must be proof of the essential facts to fix liability upon a party charged with the commission of a wrongful act." *Balto. & O. R. Co. v. State, use of Savington,* 71 Md. 590, 599, 18 A. 969, 971. The proof of the effect of the accident on the extra-uterine pregnancy is a matter to be testified to by one skilled in medicine or surgery (22 *C. J.* 543-545), and it is because of the absence of any such evidence that the appellant contends there was no legally

sufficient evidence of permanent injury. No witness testified that the miscarriage or abortion was the effect of which the accident was the cause, and that all the pain, suffering, and disability of the plaintiff resulted from the accident. As stated by Judge McSherry in *Benedick v. Potts*, 88 Md. 54, 40 A. 1067, 1068. "The negligence alleged, and the injury sued for, must bear the relation of cause and effect. The concurrence of both, and the nexus between them, must exist, to constitute a cause of action." See *Neeld Construction Co. v. Mason*, 157 Md. 571, 575, 146 A. 748.

For the want, therefore, of admission of evidence connecting the accident with the miscarriage, the plaintiff's prayer for compensation for permanent injuries should have been refused (*Annapolis Gas Co. v. Frederick*, 112 Md. 449, 457, 77 A. 53), and the defendant's special exception to it granted, and for the same reason the defendant's third and fourth prayers should also have been granted. The same questions were presented on the motion to strike out the testimony offered, which depended on the proof of connection between the accident and the "miscarriage," and it also should have been granted.

The remaining exception in the record was to the question put to Dr. Vest as to whether he could state with reasonable certainty that such an automobile accident as was testified to was a competent producing cause of the condition which he found, to which he answered "yes." Later on this evidence was stricken out, so that it was no longer in the case, and this ruling leaves no exception for an expression of opinion by this court.

*Judgment reversed, with costs, and case remanded for new trial.*