JOSEPH F. SMITH ET AL. *v.* WILLIAM E. DOLAN
[No. 50, April Term, 1936.]

*Decided June 10th,1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, and MITCHELL, JJ.

*Walter L. Clark,* for the appellants.

*W. Albert Menchine* and *L. Wethered Barroll,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is the third time we have had this case, and it will be the last.

The first appeal is reported in *Mt. Royal Cab Co. v. Dolan,* 166 Md. 581, 171 A. 854, reversed on the admissibility of certain evidence, and on the prayer for damages, in which we found no such evidence of permanent injury as to warrant the part of the prayer submitting this question to the jury. The second appeal is reported in 168 Md. 633, 179 A. 54, reversed on the rulings of the trial court with respect to the scope of expert medical testimony. After the second appeal the defendant withdrew its pleas, allowed judgment by default to be entered for want of a plea, and the case went to the jury, with the only question to be considered the measure of damages. This appeal comes here on the admissibility of evidence to prove the extent of the injuries as a consequence of the collision admitted by the defendant.

Fifteen exceptions were taken by the defendant, of which the first three were to questions put to lay witnesses, the fourth to the refusal of the court to withdraw a juror, and declare a mistrial, and the remaining eleven (five to fifteen) to the hypothetical questions and the refusal to strike out answers to the questions by Doctors Levy and Gillis.

The first four exceptions were not argued either orally or in the brief, though the defendant stated in the brief that they were not abandoned. As they were not treated

as of such importance by the appellant as to warrant any consideration by it, and as we find in none of them reversible error, we shall proceed to discuss the exceptions five to fifteen, which may be treated as one, for they all go to the form and admissibility of the hypothetical question put to Doctors Levy and Gillis, the experts called by the plaintiff.

The plaintiff sued for injuries sustained in a collision by one of the defendants' taxicabs with his automobile on January 28th, 1933. The judgment by default admits the occurrence of the accident, some injury of the plaintiff, and the defendants' liability for such injuries as were caused by the collision. 2 *Poe's Pl. & Pr.* secs. 369, 372; *Betz v. Welty & Co.*, 116 Md. 190, 196, 81 A. 382. All the jury had to pass on was the question of damages sustained by the plaintiff as a result of the defendants' admitted negligence. By statute, Code, art. 75, sec. 94, when the proceeding is merely an inquisition, the evidence is taken "in open court in the same manner and under the same regulations as in other jury trials," so that the same rules apply to the admissibility and relevancy of evidence as in a regularly contested case. It will not, however, be regarded as reversible error, even if inadmissible and irrelevant, unless its effect is to admit evidence of damage not traceable to the alleged negligence. *Betz v. Welty & Co., supra.*

The exceptions five to fifteen, really one exception, go to the form of the hypothetical question, twice asked of and answered by each of the medical experts, Doctors Levy and Gillis, which was: "Doctor, assuming all the testimony you have heard in this case to be true, but excluding from your consideration all opinions, conclusions, inferences and conjectures of all preceding witnesses, and accepting as a fact the testimony that Mr. Dolan gave on the stand with reference to headaches, namely, that his headaches were less frequent now but more intense and lasted longer, rather than any contradictory statement on the subject of headaches; and accepting the statement of Mrs. Dolan that he occasion-

ally drives the car to church, rather than accepting the contradictory statement of any witness that he never drives the car now, since the accident; and having those two points in mind where there is a contradiction in the testimony, are you able to give an opinion as to what was the probable cause of the physical and mental condition of Mr. Dolan at the time of your examination on November 1, 1935?" Having said "Yes," Dr. Levy said, "It is my opinion that the present condition from which Mr. Dolan is suffering is the direct result of a shock that he sustained when he met with an automobile accident on January 28, 1933." Dr. Gillis answered: "My opinion is that Mr. Dolan's present condition, the functional nervous condition which I found on examination, is the direct result of the injury and shock which occurred to him in the automobile accident on January 28, 1933."

The question is a combination of the formal method, by which the facts on which the opinion is to be based are stated by the questioner, and the other (*Tanner* case [*Baltimore City Pass. Ry. Co. v. Tanner*],90 Md. 315, 45 A. 188) where the witness is asked to express an opinion upon facts in evidence which he has read or heard. *Wigmore on Evidence* (2nd Ed.) secs. 672-686. The defendant objects to the question because it omitted two bits of evidence which are claimed to be contradictory of facts upon which the opinion is predicated, namely, that in applying for two automobile drivers' licenses, one in Connecticut, where he then lived, five days after the accident, and the other in New Jersey, where he then lived, a year and a half later, he had stated in his applications that he had no mental or physical infirmity or defect. We do not see where these statements, which the jury saw, and the physicians read or heard, were contradictory of anything except the plaintiff's statment of the nature and extent of his injuries, and go more to his credibility than to the impairment of the hypothetical question. One thing is certain, and that is, the answers of Doctors Levy and Gillis plainly indicate that they understood the facts upon which their opinions

were based, but it is very doubtful whether the jury could understand what was included in and what was excluded from the question. It was, as said in *Quimby v. Greenhawk,* 166 Md. 335, 338, 171 A. 59, 61, "an imperfect substitute for the formal hypothetical question in furnishing the data for inference by the expert witness." The trial judge had his doubts of its clarity, and took a recess to afford counsel an opportunity to agree on the form of the question, or method of questioning. In *Damm v. State,* 128 Md. 665, 673, 97 A. 645, 648, quoting *Wigmore on Evidence* (1st Ed.) sec. 681 (d), (same in second edition) this court said: "A question assuming the truth of the testimony of several specified witnesses may very well suffice, if the facts they testify to are likely to be definitely in the minds of the witness and the jury. This must depend on the circumstances of the case. There should be no fixed rule excluding such a question; and in the precedents it can hardly be said that a fixed rule is intended to be laid down" to which was added here, "Something must be left to the discretion of the trial court in such matters, although of course if the appellate court can see that injury has been done or may have been done the accused by permitting an expert to give an opinion based on part only of the testimony, it should be corrected." See *Rickards v. State,* 129 Md. 184, 98 A. 525; *Gordon v. Opalecky,* 152 Md. 536, 137 A. 299; *Calder v. Levi,* 168 Md. 260, 266, 177 A. 392.

If this were a case in which the proof of physical, nervous, or mental damage depended upon the deductions of an expert witness, we could not let this question stand. *Abend v. Sieber,* 161 Md. 645, 648, 158 A. 63. But this is not the case here; the damages were testified to by the plaintiff and several other witnesses, and their testimony not contradicted, and there was a reasonable basis for the inference, as reflected by the verdict, that there was a causal connection between the accidental injury of the plaintiff and his physical condition from that time to the day of trial, as testified to by several lay witnesses, and by Doctors Fehsenfeld and Sheehan, who attended him, and Doctors Levy and Gillis, who examined

him at the time of the inquisition and testified clearly and particularly as to the plaintiff's condition at that time. *Neeld Construction Co. v. Mason,* 157 Md. 571, 146 A. 748; *Abend v. Sieber, supra,* 161 Md. 645, at page 647, 158 A. 63. Dr. Sheehan, a brother-in-law of the plaintiff, who is on the medical faculty of Yale University, and testified that he had made forty-five professional visits on the plaintiff between the day of the accident and the second trial, at the conclusion of his testimony, when asked, "Do you attribute these various conditions that he has endured that you have described to that accident, other than his eyes (stigmatism)?" answered "Positively and absolutely due to the accident."

It is therefore evident that the expert testimony of Doctors Levy and Gillis was not necessary to establish and prove the nature and extent of the injuries of which the plaintiff complains, there being no claim made for permanent injuries, and that, aside from their expert testimony, there was evidence from which the jury might ascribe the plaintiff's condition from the time of the accident to have been due to the defendants' negligence, and their expert testimony, even if inadmissible, was not harmful, and the judgment appealed from should be affirmed.

There was another matter to which we are constrained to refer, and that is the incorporation in the record of the evidence and court's remarks on the motion for a new trial. As stated in the first appeal, 166 Md. 581, 585, 171 A. 854, that matter rests in the discretion of the trial court, and that ought to have been sufficient warning not to so offend. It was not certified by the trial court, so that it was no fault of the trial judge that it appears in a record where it does not belong, and made it necessary for the court to ignore and avoid what so appeared, but was not part of the record. If it has not already been paid for by the plaintiff, that part of the record, and so much of the appellee's brief as refers to it, will be at his cost.

*Judgment affirmed, with costs, except as otherwise noted in the opinion.*