CONRAD J. LANGENFELDER ET AL. *v.* JOHN W. JONES

[No. 31, April Term, 1940.]

422

*Decided June 12th, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*R. Tilghman Brice, III,* and *Robert E. Coughlan, Jr.,* for the appellants.

*W. Hamilton Whiteford,* with whom was *Marvin I. Anderson* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

The controversies on this appeal relate to rulings of the Circuit Court for Anne Arundel County in a workmen's compensation case, in which the State Industrial Accident Commission was reversed. The lower court refused to grant a prayer for a directed verdict for the defendants, and from this action, and because of certain rulings on testimony, to which exceptions were noted, the employer and insurer appealed.

In the trial court a single issue was presented for the consideration of the jury, as follows: "Was the disability suffered by the claimant the result of an accidental injury occurring on or about the first day of July, 1937, arising out of and in the course of his employment?" The answer of the jury on this issue was "Yes."

At the conclusion of the testimony, the employer and insurer offered the following prayer, "A," "The court instructs the jury that there is no legally sufficient evidence in this case to prove that the disability of the claimant is the result of the accidental injury, and therefore the answer of the jury to the issue must be No." An additional prayer was offered by the employer and insurer which merely deals with the burden of proof, which was granted, and no exception was taken.

With respect to prayer "A," the action of the court in refusing the prayer is seriously questioned. The evidence shows that while the claimant was in the employ of Langenfelder & Son, and he was using a crow-bar in an effort to line up rails being used in construction work, the crow-bar slipped and threw him on an iron form then in use by the employer, thus injuring his right side and right leg. The prayer does not deal with the weight of the testimony, and the extent or gravity of the injury, but with the legal sufficiency of the evidence tending to show that the injury, and resulting disability, was caused by the accident. It is obvious from the testimony, and it is admitted, that the accident did happen, and arose out of, and in the course of, the claimant's employment. The causal connection between the accident and

the injury is the only serious question presented in the record and in the argument at bar. The Commission evidently thought that this connection did not exist. The lower court thought that there was some evidence of it and refused the prayer. *Moller Motor Car Co. v. Unger,* 166 Md. 198, 170 A. 777; *Baber v. John C. Knipp & Sons,* 164 Md. 55, 163 A. 862.

With respect to the several exceptions to the testimony, all of them concern the examination of Dr. Claffy, an expert called upon the part of the claimant, whose qualifications are admitted, but the validity of the interrogatories addressed to him, and his answers, are in dispute. We will now consider these exceptions, because the granting of the prayer, or its rejection, depends largely upon the admissibility of the evidence in question.

The following question propounded to the witness presents the first exception: "Are you able to express an opinion, based upon your professional knowledge and skill, and also upon the testimony you have heard, what, if any, connection there was between the accident alleged to be suffered by Jones on or about July 1st, 1937, and the subsequent condition for which he was operated upon?" Exceptions two and three merely present amplification of the first question. There was an objection to this question, which was overruled. We think this action presents reversible error. In *Northern Central R. Co. v. Green,* 112 Md. 487, 76 A. 90, 97, the test to be applied to such questions was stated to be as follows: "A hypothetical question must embrace every material element of the hypothesis founded upon the evidence, and it must not import into the question any element not founded upon the evidence in the case. If it offends in either respect, it is defective, and it is error to permit such a question to be answered; and, if inadvertently admitted over an objection, it is error to refuse a motion to strike out the answer." See also *Gordon v. Opalecky,* 152 Md. 536, 137 A. 299; *Washington B. & A. Elec. R. Co. v. Kimmey,* 141 Md. 243, 118 A. 648. This test is elaborately amplified and applied by Judge Offutt in his

opinion in the recent case of *Mathiesen Alkali Works, Inc. v. Redden,* 177 Md. 560, 10 A. 2nd 699, with respect to the hypothetical question there propounded, and the opinion holds that: "The question under consideration omitted (a) any direct reference to plaintiff's injuries (because the word 'accident' does not embrace within its meaning injuries resulting from the accident, *Words & Phrases, Webster's Dictionary*), (b) to the fact that Dr. Wilkerson who examined him four days after the accident saw no evidence of injury to the ear, (c) to the fact that he had no broken bones, (d) to the fact that he finished his route after the accident, or (e) to the fact that he lost no time from his work until April 10th, nearly three months after the accident. Because of those omissions the question was bad and the objection to it should have been sustained. If the vice were merely formal, since there was no objection on that ground, the error might not be regarded as reversible, * * * but it is more than that. It asks for an expert opinion upon stated facts which at most permitted a guess which the jury were as well qualified to make as the witness."

Applying these requisites to the question in the present case, it will be observed that the question omitted (a) any direct reference to, or description of, the plaintiff's injuries, (b) that this man was never examined by Dr. Claffy, who only saw him the very morning of the trial, (c) that he did not refer to his condition with respect to bruises, broken bones, or other injuries, (d) to the facts that the claimant continued his work, and (e) that the operation was not performed until three weeks after the accident. It was held in *Mathiesen v. Redden, supra,* that because of such omissions the question was bad. Substantially the same omissions occur with respect to the question here under consideration, therefore, we must hold this question defective. With such omissions of fact the opinion could be little, if any, better than a guess, and the jury was substantially as well qualified to make such a guess as was the witness. For further discussion of the requisites of hypothetical questions to be pro-

pounded to experts, and having a bearing on this subject, see *Mangione v. Snead,* 173 Md. 33, 195 A. 329; *Mount Royal Cab Co. v. Dolan,* 166 Md. 581, 171 A. 854; *Balto. & O. R. Co. v. Brooks,* 158 Md. 149, 148 A. 276.

As to the fourth and fifth exceptions, we need add little to what has already been said. The question involved seems to be improper, for the reasons above stated. The doctor was asked: "You have also heard this morning the testimony relative to the man's re-admittance to the hospital and record of the nature of his disability as well as his own description, are you able to give an opinion as to what connection, if any, there is between either the accident and the cause of the second admission to the hospital, or the operation for appendicitis, and the cause of the second admission to the hospital?" For an additional reason we need not stop to analyze this question or point out its defects; the answer of the doctor, over objections, defeats its purpose and constitutes reversible error. The response was: "It is possible that the condition, the abscess for which the man was admitted the second time to the hospital, could have been a sequel of the appendicitis abscess which the hospital record shows he had, by extension to the glands in the groin." This answer to the question is not responsive. Dr. Claffy does not express an opinion but only states that the condition described was possibly a sequel of the appendicitis abscess. He does not state a belief founded upon the essential facts in the case, nor does he express an opinion as an expert, but merely a possibility. We think the question was improper, and the answer not being responsive and only an expression of a possibility, it should be entirely disregarded and should have been stricken out, in accordance with the motion made for that purpose.

In the case of *Mangione v. Snead, supra,* it was stated "The statement that the child had had 'possibly' a concussion of the brain was too indefinite and should have been stricken out." In *Mount Royal Cab Co. v. Dolan, supra,* this court said that: "In an action for the re-

covery of damages for personal injuries suffered subsequent to the commission of the wrong, the recovery is limited to those consequences which have actually and naturally ensued the tort, or which may certainly or reasonably and probably result as a proximate consequence of the act, but not consequences which are merely possible, and so speculative or conjectural."

The questions, if based strictly upon hypothetical elements, are obviously defective, but the appellee contends that the questions are proper upon a broader hypothesis, namely, upon the fact that the doctor had heard all of the plaintiff's testimony at the time it was presented and therefore it afforded a basis for his answers. The witness did testify that he had heard all such testimony and evidently he must have predicated his answers upon that. He could not have legally predicated it on anything else, because the questions as propounded were lacking in essential elements necessary to their validity. It will be observed that there was not included in the question an assumption of the truthfulness of the testimony he had heard. This has long been an element habitually incorporated in such hypothetical cases, and should not now be disregarded, but the appellee contends that this is unnecessary and cites as authority *Baber v. John C. Knipp & Sons,* 164 Md. 55, 163 A. 862, but we do not think that this question was there decided.

Assuming that the question might properly be asked of an expert witness, it must be predicated upon all the evidence in the case, except expressions of opinion, and the question still remains whether the evidence be legally sufficient to establish a causal connection between the accident and the injury complained of. There had been offered in evidence the hospital record or chart. The witness, Dr. Claffy, said he had "seen" it. Asked whether that chart made any mention of traumatic injury, he said that he did not remember. That answer alone disqualified him to testify as an expert, because his answer to the hypothetical question would not be predicated on all of the evidence. Hospital records are evidence, and

important evidence in many cases, and this is one of them. *Globe Indemnity Co. v. Reinhart,* 152 Md. 439, 137 A. 43.

More than a week elapsed between the alleged injury and the operation for appendicitis, and there was no lay or non-professional evidence showing any causal connection between the alleged accident and the injury complained of, so that this came within that class of cases in which the plaintiff must depend on expert or professional testimony. *Abend v. Sieber,* 161 Md. 645, 158 A. 63; *Corner v. Mackintosh,* 48 Md. 374. The physician who attended the claimant, and the surgeon who operated on him, gave the opinions that there was no connection between the alleged accident and the injury complained of. Dr. Claffy was the only witness called by the claimant who testified to any connection between accident and injury, and the claimant had, therefore, to depend on him to establish his claim.

Because the questions as propounded failed to assume the truth of all the factual evidence, relevant, material, and consistent, and Dr. Claffy had disqualified himself by saying that he could not remember an important fact in respect to the hospital record, the judgment should be reversed.

*Judgment reversed with costs, and case remanded for new trial.*

On Motion for Modification of Mandate.

The opinion was delivered *per Curiam.*

In the opinion filed in this case, the reason for the remand was omitted.

Although the court held that there was no legally sufficient evidence for the jury to find for the claimant, the case is remanded for a new trial because the testimony indicated that there was a probability that had the hypothetical question been framed properly the answer of the doctor to it might have supplied the testimony necessary to carry the issues to the jury. It was this considera-

tion that moved the court, in the exercise of its discretion, to remand the case for a new trial in order to afford the claimant an opportunity to offer material testimony at his command which might tend to prove his right to compensation. See Code (1939) Art. 5, sec. 24 (1).

*Motion for modification of mandate denied.*

*Dated October 10th, 1940.*