**ANDERSON et al. v. GALLMAN.**

No. 1382.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 9, 1953.

Decided Oct. 13, 1953.

Charles B. Sullivan, Jr., Washington,. D. C., for appellants.

Before CAYTON, Chief Judge, and: HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants sued appellee for property damages alleged to have resulted from appellee's negligent operation of a motor vehicle. Appellee was served with process. but made no appearance and filed no answer. Rule 39A of the trial court provides. that the clerk shall enter judgment by default on verified complaint in any action ex. contractu for a sum certain, and that in all other cases the clerk shall enter a memorandum of default and the case shall be placed "on the motions calendar for the taking of ex parte proof." Accordingly this case after entry of default came on for hearing on ex parte proof. The individual appellant testified briefly that he drove into an uncontrolled intersection where his view was partially blocked by parked cars,. that after entering the intersection he saw appellee's automobile approaching at a distance of about 15 feet, and his automobile was struck by appellee's automobile at the center of the intersection, and that his. automobile was damaged to the extent of $693.74. On this testimony the trial court found that appellant was contributorily negligent, and that his negligence was the proximate cause of the accident, and the court denied any recovery.

Appellants' position is that the only issue before the court at the hearing on ex parte proof after entry of default was the amount of damages to be awarded, and that it was error for the court to consider and pass upon the issue of appellee's liability.

■■■ From the early days of the common law it was the practice, "if the defendant makes default by nil dicit, judgment is immediately given in debt, or in all cases where the thing demanded is certain; but where the matter sued for consists in damages, a judgment interlocutory is given; after which a writ of inquiry goes to ascertain the damages, and then the judgment follows." Hawkins v. Crook, 2 P.Wms. 556, as quoted in Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 791, 29 L.Ed. 105. So it has become a general rule that where the damages sought are unliquidated a default by the defendant admits plaintiff's right to recover but does not admit the amount of damages claimed. Thorpe v. National City Bank, 5 Cir., 274 F. 200;

Kiessling v. Kiessling, 134 Conn. 564, 59 A.2d 532; Smith v. Dolan, 170 Md. 654, 185 A. 453; De Hoff v. Black, 206 N.C. 687, 175 S.E. 179; Hurd v. Ford, 74 Utah 46, 276 P. 908. This rule is, in effect, incorporated in rule 8(d) of the trial court, which provides: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Here, a responsive pleading was required but none was filed. Failure to answer admitted the truth of the allegations of the complaint except the amount of damages claimed. The default established appellee's liability and in our opinion the "taking of ex parte proof" under rule 39A should have been limited to the issue of damages. Contributory negligence is an affirmative defense under the trial court's rule 8(c). Such defense was not pleaded and was not before the court.

Reversed with instructions to grant a rehearing on the issue of damages.