**UNIVERSAL ACCEPTANCE CORPORATION, a corporation, Appellant,**

v.

**G & L, INC., t/a Nationwide Motors, and National Surety Corporation, Appellees.**

No. 3813.

District of Columbia Court of Appeals.

Submitted Dec. 6, 1965.

Decided Feb. 24, 1966.

**118**

———◆———

Bernard T. Levin, Washington, D. C., for appellant.

No appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

In 1962 one Cleophus Pointer purchased from Capital Auto City, Inc., a 1957 Oldsmobile. The company did not provide him with a certificate of title and as a result he was unable to register the car in the District of Columbia. When after six months he was unable to drive the car due to his inability to meet District of Columbia requirements for registration, he parked the vehicle which he believes was finally taken away by the police, although he does not know definitely what happened to it or its present location.

In early 1964 he sued both Capital Auto City, Inc., and its surety, The Aetna Casualty & Surety Company, to recover alleged damages of $750 arising from his inability to register the car because of the vendor's failure to furnish him the appropriate documents. Capital Auto City failed to appear and a default was entered against it subject to *ex parte* proof at a later date. Anderson v. Gallman, D.C.Mun.App., 99 A.2d 560 (1953). Atena answered and filed a third-party complaint against G & L, Inc., t/a Nationwide Motors, and its surety, National Surety Corporation, appellees here, seeking judgment for any and all sums rendered in favor of Pointer on the ground that Nationwide had failed to furnish a proper certificate of title when the same 1957 Oldsmobile was transferred by it to Capital Auto City. A joint answer to the third-party complaint was filed on behalf of the two third-party defendants and they, in turn, filed a third-party complaint against Universal Acceptance Corporation, appellant here, alleging that the car had originally been purchased by Nationwide from Universal Acceptance Corporation which had failed to provide the appropriate title documents and that if they (Nationwide and National Surety Corporation) are liable in damages to any party for failure to provide a proper title to the motor vehicle, then Universal Acceptance Corporation is liable to them for damages in the same amount. On September 1, 1964, Aetna dismissed without prejudice its third-party complaint against Nationwide. Trial of the case occurred November 19, 1964, and the judge on December 9, 1964, rendered the following findings:

(a) judgment by default in favor of Pointer against Capital Auto City in the amount of $300 subject to *ex parte* proof;

(b) judgment for $300 in favor of Pointer against Aetna;

(c) judgment for $300 in favor of Aetna against G & L, Inc., t/a Nationwide Motors, and National Surety Corporation;

(d) judgment for $300 in favor of G & L, Inc., t/a Nationwide Motors, and National Surety Corporation against Universal Acceptance Corporation.

On January 12, 1965, after overruling a motion by Universal Acceptance Corporation for amendment of findings or for a new trial, judgment was entered on the trial finding "for [Pointer] in the sum of $300.00 against *all dft's.*" [Emphasis supplied.] This portion of the entry was thereafter corrected on June 10, 1965, as follows:

(a) judgment for $300 for Pointer against Aetna;

(b) judgment for $300 for Aetna against G & L, Inc., t/a Nationwide Motors, and National Surety Corporation;

(c) judgment for $300 for G & L, Inc., t/a Nationwide Motors, and National Surety Corporation against Universal Acceptance Corporation.

Pointer, on March 2, 1965, had entered the judgment against Aetna as fully satisfied. On October 28, 1965, Aetna entered the judgment against National Surety Corporation as paid, leaving only one judgment outstanding—the one in favor of Nationwide and National Surety Corporation against Universal Acceptance Corporation, which is before us on appeal.

Universal Acceptance Corporation asserts that the trial court committed error in (1) setting aside the entry of record of January 12, 1965, on June 10, 1965, for "obvious clerical error"; (2) entering a judgment against it, contrary to the law and the evidence; and (3) awarding damages against it in favor of appellees in the sum of $300.

■ We find no merit to appellant's contention that the trial court erred in correcting, on June 10, 1965, a portion of the judgment of January 12, 1965. Pointer filed his complaint against only Capital Auto City, Inc., and its surety, The Aetna Casualty & Surety Company. At no time did he seek redress from any third-party defendant brought into the proceedings subsequently under Rule 14(a) of the trial court.[1] The judgment entered January 12, 1965, for Pointer against *all defendants* was therefore palpably wrong on the face of the record and subject to correction by the trial court on its own initiative at any time in accordance with Rule 60(a).[2]

■ Our primary concern in this appeal, however, is with appellant's contention that appellees failed to substantiate a cause of action against it. Appellees' third-party complaint sought indemnification from Universal Acceptance Corporation on the ground that it had failed to furnish appropriate documents to Nationwide as required by the motor vehicle regulations in force in the District of Columbia at the time it transferred the Oldsmobile to Nationwide.[3] The record, however, is barren of such proof. The Statement of Proceedings and Evidence reflects that Mr. Patrick J. Collins, president of Universal Acceptance Corporation, testified that when his firm sold the car to Nationwide some months before the ultimate sale to Pointer, the papers accompanying the car were in order and were accepted by Nationwide without question; that it was not until late 1962 or early 1963 (after the car had been transferred twice to other parties) that he was aware of any problem with the title. He stated that Mr. Leon Pappas, who was associated with both Nationwide and Capital Auto City and who had handled the sale to Pointer, had mixed up the papers with another 1957 Oldsmobile and had misplaced the Pointer papers. Mr. Pappas also testified but never refuted the assertion that when appellant transferred the car to Na-

1. "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."

2. "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * * "

3. Sec. 6, Part III, Traffic & Motor Vehicle Regulations of the District of Columbia. "Any person * * * who disposes of a used vehicle within the District to any person * * * shall, within four (4) business days after such disposal, assign, execute and deliver to the acquirer, a certificate or a certificate of title duly assigned by the disposer to the acquirer."

tionwide the papers were in order. He explained that he gave a certificate of title to Pointer near the time of the sale to him, but that it developed the title bore a serial number different from the vehicle purchased by Pointer—but Mr. Pappas made no accusation or produced any evidence to indicate that appellant was primarily liable for the failure of Pointer to acquire proper certificate of title for his car.[4] Without a positive showing that appellant was responsible for the absence of a title in the first transaction of the cascade of sales involving the same automobile, we must hold that appellees failed to carry their burden of proof and that the trial judge erred in finding appellant liable to appellees for the amount adjudged against them in favor of the preceding third-party plaintiffs. The judgment in favor of appellees must therefore be set aside and vacated and judgment entered for appellant.

In view of our disposition of the case, we need not reach the question of whether there was in the record adequate information upon which to assess damages in the amount of $300.

Reversed, with directions to enter judgment for appellant, Universal Acceptance Corporation.

4. It was not until March 11, 1964, almost 16 months after the sale to Pointer, through the cooperative efforts of officials and representatives of Capital Auto City, Inc., Nationwide and appellant that a duplicate certificate of title was issued by District officials to appellant, which then assigned it to Nationwide. By then the whereabouts of the car was unknown.