## RUELLA *v.* MacCAULEY

[No. 4, September Term, 1959.]

462

*Decided October 16, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*George D. Solter,* with whom were *Due, Nickerson, White-
ford & Taylor* and *Doris P. Scott,* on the brief, for appellant.

*Thomas F. Comber, 3rd,* and *John D. Alexander,* with
whom were *Wm. Pepper Constable,* and *Constable, Alex-
ander & Daneker* on the brief, for appellee.

PER CURIAM.

The questions raised on this appeal are not new, nor are
they difficult to determine. The defendant below (appellant
here) ran his truck into the rear of a stationary motor ve-
hicle, in which the plaintiff was seated. At the trial, the de-
fendant admitted liability; thereby conceding that the collision
occurred, his negligence caused it and the plaintiff had suf-
fered some damage as a result thereof. Cf. *Smith v. Dolan,*
170 Md. 654, 657.

The appellant claims that the trial court did not adequately
instruct the jury on the burden of proof upon the plaintiff as
to his injuries, damages and losses; and, although conceding
that the plaintiff was entitled to an appropriate instruction on
the law as to the aggravation of a pre-existing condition as
an element of damage, contends the court gave an improper
instruction concerning the aggravation of the plaintiff's pre-
existing neck condition under the evidence in the case.

The appellant cannot prevail in either of his contentions.
His principal complaint on the first point is that the court

refused to grant his prayer on the question of burden of proof as to the plaintiff's injuries and losses. In *Ager v. Baltimore Transit Co.,* 213 Md. 414, 425, a personal injury case, we stated: "While there is no objection to the trial court's pointing out any and all of the reciprocal duties and obligations of the respective parties in minute detail, there is no obligation that it do so, provided the subject is fully and comprehensively covered in the charge to the jury." See also *West v. Belle Isle Cab Co.,* 203 Md. 244, 250, and Maryland Rule 554 b 1. We think a careful reading of the trial court's instructions concerning the burden of proof, under the authority of such cases as *Riley v. Naylor,* 179 Md. 1, 7, 8, *American Stores Co. v. Herman,* 166 Md. 312, 321, *Coca-Cola Bottling Works v. Catron,* 186 Md. 156, 162-164, and *Adams v. Benson,* 208 Md. 261, 271, shows that the question as to the burden of proof upon the plaintiff concerning his injuries, damages and losses was fairly and adequately covered and the instructions were not misleading to the jury. Likewise, under the authority of such cases as *Baltimore City Pass. Ry. Co. v. Kemp,* 61 Md. 74, 80-82, *Abend v. Sieber,* 161 Md. 645, 648, and *Coca-Cola Bottling Works v. Catron, supra,* we hold that the jury was fairly and adequately, under the circumstances of this case, instructed concerning the alleged aggravation of the plaintiff's pre-existing neck condition.

*Judgment affirmed, with costs.*